Commonwealth *v.* McSorley, Appellant.

Argued October 12, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

C. William Kraft, with him Sidney L. Wickenhaver, Robert L. Trescher, C. Brewster Rhoads, and Montgomery, McCracken, Walker & Rhoads, for appellants.

*J. Harold Hughes,* Assistant District Attorney, with him *Joseph E. Pappano,* First Assistant District Attorney and *Raymond R. Start,* District Attorney, for appellee.

OPINION BY GUNTHER, J., December 29, 1953:

These five defendants were charged and found guilty under two indictments. The first indictment had three counts: (1) conspiracy to riotously assemble and assault, (2) conspiracy to riotously assemble to make great noise, riot, tumult and disturbance, and (3) conspiracy to riotously and routously demolish, destroy and damage property. The second indictment charged riot. All the defendants were found not guilty of riotous destruction of property. Defendant McSorley was found not guilty of assault and battery and the indictments charging assault and battery by the other defendants were withdrawn from the jury.

The testimony revealed that the defendants were among a large group of men who drove up to the Delaware County jail, which was being demolished by workmen, and entered the premises issuing threats. They proceeded to attack several workmen and damaged all the equipment on the premises before beating a hasty retreat. Only these five were apprehended. The incident arose apparently because of a dispute concerning unionism.

The defendants contend first that the trial judge made an error of omission in his charge. When he charged with respect to the conspiracy counts, he defined conspiracy in general terms, but failed to define the specific crimes under each conspiracy count, viz., assault and battery, riot, and riotous destruction of property. The trial judge did, however, define these crimes fully when discussing the indictments of the substantive offenses themselves. Further, it is pointed

out that he failed to instruct the jury as to the separateness of the counts of conspiracy. It is now argued that this probably misled the jury into an inconsistent verdict, in that they returned not guilty verdicts as to two of the three substantive offenses, yet returned a guilty verdict as to conspiracy to commit all three offenses.

A review of the record reveals that all the crimes involved were properly defined in the charge, and the issues were substantially and fairly covered. No request for further instructions was made. Defendants cannot now complain of inadequacy of definition unless it can be shown that such omissions contributed to the jury's verdict. *Commonwealth v. Bozzi*, 169 Pa. Superior Ct. 206, 82 A. 2d 303. The defendants now offer the weak suggestion that the jury was probably confused. There is no basis for such contention; for all the crimes, including conspiracy, were adequately defined. It is true that conspiracy is not a self-defining term, but it was defined in the charge, as were the substantive offenses, although not in juxtaposition. The charge as a whole reveals no fundamental error, but, at most, a non-prejudicial inadequacy to which exception was not taken. There is also no merit to the argument of inconsistency in the verdict. The evidence was sufficient to warrant a verdict of conspiracy to commit all three crimes, which were in fact committed, but was weak in identification of these defendants as the persons directly responsible for assault and battery and destruction of property. The verdict of guilty on all conspiracy counts does not force the conclusion that the jury was misled into believing they could not separately assess each count, in view of the overall fairness and adequacy of the charge.

The defendants further contend that conspiracy to riot is not an indictable offense because the offense it-

self requires concerted action. The error in this reasoning is pointed out in defendants' own citation, *Commonwealth v. Bricker*, 74 Pa. Superior Ct. 234, which held that there could be no conspiracy to commit a crime which could be perpetrated only by the conspirators and not directed toward anyone else. The crime of riot requires a concerted effort toward or against others.

Objection has been made to the failure to withdraw a juror after a statement of a prosecution witness. This witness identified defendant McSorley at the trial as one of the rioters, but had failed to identify him at the police station shortly after the incident. After being strongly pressed for an explanation, the witness, over objection, stated: "I was afraid for my life and I have seen the way the men work. I have seen a lot of times what did happen." This remark was clearly responsive to the prodding of counsel for an explanation, to which the witness was entitled. *Commonwealth v. Del Vaccio*, 299 Pa. 547, 149 A. 696. Nor can we agree that this remark charged an unconnected crime to defendants. He merely descibed his fear as based on experiences with similar situations, but imputed no direct harm or threats to any of these defendants.

An objection has also been made to the remark of the trial judge as to a prosecution witness: "I think he is a very fair witness and trying to answer your questions truthfully." The record discloses that this remark was made in response to defense counsel's continued interruptions of the witness' answers and to the statement that the witness was "rambling on", which was obviously untrue. The trial judge has the right to express his opinion as to evidence or credibility of a witness provided he does not make it a binding instruction and leaves the final verdict to the

jury. *Commonwealth v. Hartung,* 156 Pa. Superior Ct. 176, 39 A. 2d 734. The charge placed full responsibility on the jury to determine credibility and to weigh the evidence and properly subordinated the opinions of the trial judge.

It is also assigned as error that the verdict was against the weight of the evidence. The record belies this contention. The chief of police, who questioned all the defendants, testified that they admitted to him that they were at the scene of the riot and had come there to make sure no work was going on. Two witnesses to the riot identified one and three defendants respectively as active participants. The credibility of the witnesses was for the jury. Their alleged inconsistencies and hesitations were explained sufficiently by them so that we cannot hold that there was insufficient competent evidence to support the verdict.

The last assignment of error is also without merit. The defendants were all fined and sentenced on both the conspiracy and riot verdicts, the sentences to run consecutively. It is argued that this is really but one crime and should receive but one punishment. This is not, however, a case where one act violates several sections of The Penal Code, but a conviction for two separate offenses: conspiring to commit several crimes, and participation in a riot. The sentences were properly imposed.

Judgments of sentence affirmed and it is ordered that the defendants appear in the court below at such time as they may be there called for compliance with the sentences.