Commonwealth *v.* McSorley et al., Appellants.

Argued March 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and WOODSIDE, JJ. (ERVIN, J., absent).

*C. William Kraft, Jr.*, with him *Robert L. Trescher*, *C. Brewster Rhoads*, and *Montgomery, McCracken, Walker & Rhoads*, for appellants.

*J. Harold Hughes*, Assistant District Attorney, with him *Raymond R. Start*, District Attorney and *Joseph E. Pappano*, First Assistant District Attorney, for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

Defendants were convicted of riot, riotous assault, conspiracy to commit riot and riotous destruction of property, all stemming from a riot on July 28, 1952 at the former county jail in Media. On appeal this court affirmed the judgments of sentence in an opinion reported at 174 Pa. Superior Ct. 634, 101 A. 2d 919. Thereafter defendants filed a motion for a new trial on the basis of after-discovered evidence. The motion was refused by the court below and defendants have again appealed.

The after-discovered evidence consists of the testimony of two detectives hired by defendants to inter-

rogate the most important prosecution witness, William Blocker. This witness was the only one to identify four of the five defendants. The detectives, at a hearing on this motion, testified on the results of two interviews with Blocker after the trial. The gist of their testimony is that Blocker was unable to identify any of defendants at the police station the day of the riot; that the police accused him of lying and continued interrogating him; that he talked at the police station with Joseph Gleba, a victim of the assault and an object of the riot, who told him not to fear and to tell the truth; and that he was released by the police late at night and only after finally identifying defendants. There was no implication that any force or threat was used by the police toward Blocker. The Commonwealth attempted to rebut this testimony at the hearing by the testimony of the chief of police and of Blocker himself. The chief testified that Blocker was not kept under custody, was not accused of lying and did not remain until late at night. Blocker testified that the detectives introduced themselves as union men (the riot involved a union fight) and implied he would be paid for changing his testimony; in general he corroborated the testimony of the chief of police. The record of the trial shows that Blocker did not identify anyone at the police station the day of the riot, but first did so at the hearing a few days later; also that he made a mistaken identification which he quickly corrected.

Defendants contend that the testimony of the two detectives demolishes the credibility of Blocker, on whom the Commonwealth relied for identification. It is alleged that he had a motive for falsely identifying defendants in that he wanted to leave the police station and placate the officers and in that he wanted to please Joseph Gleba with whom he had business deal-

ings and from whom he was found guilty of theft after the trial.

The court below refused the motion for a new trial because it believed that the detectives' testimony should be given little credibility and because it tended only to impeach the credibility of a witness. Generally a new trial will be awarded on the basis of after-discovered evidence only where the evidence (1) could not have been discovered prior to the trial by the exercise of reasonable diligence, (2) is not merely corroborative or cumulative, (3) is not used solely to impeach the credibility of a witness, and (4) is of such nature that a different verdict will likely result if a new trial is granted. *Com. v. Coroniti,* 170 Pa. Superior Ct. 245, 85 A. 2d 618. Defendants contend that the general rule is inapplicable in this case because Blocker was the sole witness as to identification and that his reliability has been seriously impeached because of evasiveness and bad motive. However, the cases cited to sustain this contention all contain instances of after-discovered evidence which would completely demolish testimony, such as recantation by a witness, perjury, fraud, bribery and duress. None of these serious elements exists here. No duress by the police was even intimated. The alleged connection with Gleba is vague in the extreme. Furthermore both Blocker and the chief of police have testified in refutation of the detectives. Were a new trial granted the only change would be a more vigorous cross-examination of Blocker with the purpose of casting doubt on his motive and reliability. He was already subjected to rigorous cross-examination at the trial, where it was then brought out that he had initially failed to identify defendants.

This after-discovered evidence is not of such nature as will likely result in a different verdict. Most of it is merely cumulative and it certainly fails to establish

clearly the allegations now raised, in view of the denials of the witnesses for the Commonwealth. Its sole purpose is to impeach the credibility of a witness and in light of its weakness, vagueness and cumulative character it is the type of case which should fall within the general rules enunciated above. A new trial was properly refused.

The order refusing a new trial is affirmed.

ERVIN, J., did not participate in the consideration or decision of this case.