## Commonwealth *v.* Douglass, Appellant.

270

Argued November 18, 1957.  Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Cecil B. Moore,* for appellant.

*Juanita Kidd Stout,* Assistant District Attorney, with her *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY ERVIN, J., January 21, 1958:

On July 21, 1956, about 9:50 p.m., Elizabeth Briscoe, the proprietress of a barbecue business, was robbed by six boys who entered the place of business.  They were not masked and remained in the establishment about 15 minutes.  The boy who announced the holdup stuck Mrs. Briscoe in the back with a knife and said:

"lady, this is a holdup." They then placed her in a corner of the room, and robbed her of $23.00 or $24.00. She described the defendant as follows: ". . . he had on a blue and white plain shirt, stripes, plain like, and a brown pair of army pants, and his hair fixed exactly as it is now." She testified that she had known the defendant and had seen him pass her place of business prior to this incident, during the summer season, and that she knew his features by reason of thus having seen him. She reported the robbery to the police. Detective McGovern, who was assigned to investigate the case, testified that Mrs. Briscoe described the defendant as being 25 to 28 years old, 5' 7" tall, weighing 135 pounds, having black hair and wearing a plaid shirt. On July 28, 1956 Mrs. Briscoe pointed out appellant to Detective McGovern at 12th and Thompson Streets as being the boy who held the knife during the holdup. Detective McGovern apprehended the appellant and brought him to Mrs. Briscoe, who again made the accusation. At the trial on March 22, 1957 Mrs. Briscoe positively identified the defendant as being the person who stuck her in the back with a knife and announced the holdup. She did not deviate in her testimony at the trial but on cross-examination admitted that she had appeared before the magistrate on July 29, 1956 and testified that the defendant was not the robber. On re-direct examination Mrs. Briscoe explained why she testified as she did at the magistrate's hearing by saying that after defendant had been arrested, she came out of her place of business to find some boys standing there. She overheard one of them say: "Yes, there she goes now. If she prosecutes him tomorrow morning, we are going to really do her in. She thinks she has been done in." Mrs. Briscoe further testified that her husband was in the Army and that she was there alone and was afraid. Appellant

testified in his own behalf that on the night in question he was not present in the victim's store but was visiting a girl friend. No other testimony was presented to corroborate the alibi. The defendant waived a jury trial and was tried by a judge without a jury on the charge of aggravated robbery. The judge found the defendant guilty and, after dismissing motions for new trial and in arrest of judgment, imposed sentence. The defendant appealed.

The appellant first argues that the identification evidence was not sufficient to sustain a conviction. He relies upon the case of *Com. v. Sharpe,* 138 Pa. Superior Ct. 156, 10 A. 2d 120, to support his position. In that case, which involved a robbery by two masked men, we held that the evidence was not sufficient to sustain the conviction. Four employes observed the defendant but they could not positively identify the defendant as one of the two robbers. They were unwilling to say under oath that the defendant was one of the two men. There was no other testimony to connect the defendant with the robbery. In that case we said: "The trial judge gave no instructions to the jury as to their proper approach to this testimony. This in itself is ground for a new trial; in addition, there is the more important fact that all of the testimony taken together at its full weight will not support a conviction." For this latter reason judgment was reversed and the defendant discharged. In the present case the victim positively identified the appellant as the robber. It was perfectly proper to permit the victim to explain why she had told the magistrate that the appellant was not the robber: *Com. v. Del Vaccio,* 299 Pa. 547, 553, 149 A. 696; *Com. v. Crow,* 303 Pa. 91, 100, 154 A. 283; *Com. v. McSorley,* 174 Pa. Superior Ct. 634, 638, 101 A. 2d 919. What was said by President Judge RHODES in the case of *Com. v. Bartell et*

*al.,* 184 Pa. Superior Ct. 528, 136 A. 2d 166, is particularly applicable here: "If a witness has made inconsistent or contradictory statements they may affect his credibility (Com. v. Turner, 371 Pa. 417, 430, 431, 88 A. 2d 915; Com. v. Fields, 171 Pa. Superior Ct. 177, 181, 90 A. 2d 391) but they do not make him an incompetent witness. In fact, even if a witness testified differently at a former trial his testimony at a subsequent trial is not to be rejected for this reason alone; such contradictory statements ' "affect his credibility, but do not authorize an instruction to the jury not to believe him." ' Com. v. Alessio, 313 Pa. 537, 544, 169 A. 764, 766." A conviction was sustained in *Com. v. Fink,* 93 Pa. Superior Ct. 57, where the only evidence was that of Betty Eisen, who testified as follows: "Q. Who was the man who did that? A. I believe it to be Mr. Fink." She further testified: "Q. You can't positively say he is the man now, can you? A. I have just one little doubt, and I put that in favor of Mr. Fink." Judge LINN of the Superior Court, later Justice LINN of the Supreme Court, said: "This evidence has much greater probative value than the evidence of the identification of the appellant held sufficient to go to the jury in Com. v. Ronello, 251 Pa. 329, 336, relied on by appellant." In *Com. v. Ronello,* 251 Pa. 329, 96 A. 826, the witness met the defendant on a dark road at night. She could not describe what kind of hat he wore nor could she describe his facial features because she did not see his face at all nor could she describe any other features about the man. The Court said: "We intimate no opinion of our own as to the weight that should be allowed this testimony; that is a matter resting exclusively with the jury; all that we say is, that the facts and circumstances it develops, especially in view of the fact that in her testimony in chief the witness testified to no distinguish-

ing mark of identification, called for most careful consideration by the jury in their inquiry as to the sufficiency of the alleged identification, under helpful instruction from the court as to how the evidence was to be applied." It must be remembered that the present case was tried by a judge without a jury. We are not called upon to determine whether proper instructions were given to a jury to aid it in determining how to weigh the identification evidence. The real question with which we are concerned is whether this evidence, if believed by the trier of fact, was sufficient to support a conviction. We believe that it was. Our Supreme Court, in *Com. v. Kloiber*, 378 Pa. 412, 423, 424, 106 A. 2d 820, has recently criticized the statement that "No class of testimony is more uncertain and less to be relied upon than that as to identity." In that case Mr. Justice BELL said, at page 424: "We believe such a generalization is too broad a statement of the general principle or rule of law on this subject and a trial Judge should not so charge the jury." He further said: "For example, a positive, unqualified identification of defendant by one witness is sufficient for conviction even though half a dozen witnesses testify to an alibi: . . . ." and then cited a number of authorities. Of course, the weight which the trier of fact should give to such testimony would depend upon all of the surrounding circumstances. In the present case the appellant was in the presence of the victim for 15 minutes, in a lighted restaurant, and was near enough to touch her with a knife. She also heard him speak to her and had an opportunity to observe him move about the room. Furthermore, this was not the first time she had seen appellant. She had seen him a number of times before this incident. She also described his dress and his hair, as well as his size and weight. She gave a reasonable explanation for her failure to

identify the appellant at the magistrate's hearing. The question of credibility was for the trier of fact. If her testimony was believed it was sufficient to produce a conviction.

The appellant also contends that the conversation related by Mrs. Briscoe as to the threats to do her harm, if she should testify, was inadmissible hearsay evidence because the appellant was not present when the statement was made. This contention may be disposed of by quoting from the opinion of Mr. Justice, later Chief Justice STERN, in the case of *Com. v. Ricci,* 332 Pa. 540, 545, 3 A. 2d 404, as follows: "This objection is based upon a not uncommon misapprehension of the hearsay rule. The testimony of a witness as to what some other person said is properly excluded when offered as evidence of the truth of the fact asserted, but the rule does not apply where the testimony is offered merely to prove that the statement was made. It is clear that, when stress was laid by defendant upon the maid's vacillation in identifying him, she was justified in accounting for her hesitancy by the fact that she had been told by the police that defendant could not have committed the crime because he was under confinement at the time it occurred." See also *Drob v. Jaffe,* 351 Pa. 297, 299, 41 A. 2d 407. In the present case this evidence was not admitted to prove the truth of what was said. It was admitted to show that it was said. The important consideration, irrespective of the truth of the assertion, was the effect the statement had upon Mrs. Briscoe. Did it put her in fear and thus cause her to testify as she did before the magistrate?

Appellant further complains that he was not granted a new trial so that he could produce additional testimony to substantiate his alibi. The refusal of the court below to grant a new trial for this reason was

peculiarly within the discretion of the trial judge: *Com. v. Mellon,* 81 Pa. Superior Ct. 20, 26. In refusing a new trial he did not abuse his discretion. The evidence which appellant sought to produce was that of his girl friend. He knew of this evidence at the time of trial and therefore it was not after discovered evidence. *Com. v. Coroniti,* 170 Pa. Superior Ct. 245, 250, 85 A. 2d 673. Furthermore, this evidence was merely cumulative because the defendant himself had testified that he was with his girl friend at the time of the robbery. It also appears from the record that the girl friend did not appear at the first trial because she was no longer friendly with the appellant. Even if a new trial were granted there is no certainty that the girl friend would appear.

Judgment of sentence affirmed.