Commonwealth *v.* Whalen, Appellant (No. 2).

Argued March 19, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Paul N. Gardner,* for appellant.

*Juanita Kidd Stout,* Assistant District Attorney, with her *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WRIGHT, J., April 16, 1959:

This case is a sequel to, and should be read in connection with, the case of *Commonwealth v. Whalen (No. 1),* 189 Pa. Superior Ct. 351, 150 A. 2d 133. The appeal in that case was filed on August 4, 1958. On October 30, 1958, Whalen obtained a sworn statement from a fellow inmate of the Eastern State Penitentiary named Harry Shank. On the ground that this statement constituted after-discovered evidence, Whalen petitioned for the grant of a new trial nunc pro tunc. On January 5, 1959, this petition was dismissed by the court below. Whalen has appealed.

The substance of Shank's affidavit as summarized in Whalen's petition, is that "on Wednesday, the 15th of May, 1957, at approximately 1:00 o'clock, A. M., in the area of Germantown and Thompson Streets, in the City of Philadelphia, he shot a policeman and, in fact, escaped from the scene of the crime and that the reasons for these admissions at this time are to clear his conscience and to exonerate other individuals from guilt who in fact are being imprisoned by reason of

this crime". It should be here noted (1) that the affidavit under consideration was made by a twenty-seven year old habitue of penal institutions who is presently serving terms on robbery and burglary convictions totaling twenty-six to sixty years; and (2) that the subject matter of the affidavit is irrelevant to the issue of attempted burglary, on which conviction Whalen was sentenced. So far as the charge of assault with intent to murder is concerned, the theory of the Commonwealth was that Perpiglia, not Whalen, shot the police officer. Even if credible, a matter of serious doubt, the affidavit would merely tend to impeach the witnesses who identified Perpiglia. It in no way establishes that Whalen was not one of the burglars.

It is settled law that a new trial will be awarded on the basis of after-discovered evidence only where the evidence (1) could not have been discovered prior to the trial by the exercise of reasonable diligence, (2) is not merely corroborative or cumulative, (3) is not used solely to impeach the credibility of a witness, and (4) is of such nature that a different verdict will likely result if a new trial is granted: *Commonwealth v. McSorley*, 179 Pa. Superior Ct. 466, 115 A. 2d 874. The action of the trial court in such a matter will not be reversed unless it clearly appears that there was a manifest abuse of discretion: *Commonwealth v. Elliott*, 292 Pa. 16, 140 A. 537. The cases cited in appellant's brief[1] in no way support his contention.

We are in entire accord with the position of President Judge ALESSANDRONI that Shank's affidavit was not "of sufficient weight to have affected the conclusion of the jury". The refusal of the court below to

---

[1]*Commonwealth v. Ricci*, 332 Pa. 540, 3 A. 2d 404; *Commonwealth v. Kent*, 355 Pa. 146, 49 A. 2d 388; *Commonwealth v. Sykes*, 353 Pa. 392, 45 A. 2d 43; *Commonwealth v. Lucchese*, 155 Pa. Superior Ct. 325, 38 A. 2d 722.

grant a new trial nunc pro tunc was not an abuse of discretion.

Order affirmed.