444 A.2d 736

**COMMONWEALTH of Pennsylvania**

v.

**Harry J. STARKS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 25, 1982.

Filed April 16, 1982.

214

Joseph C. Santaguida, Philadelphia, for appellant.

Richard L. McMonigle, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

Appellant, Harry J. Starks, was tried nonjury and convicted of murder in the third degree[1] and criminal conspiracy[2] in connection with the shooting death of Carl Sutton. Following the denial of post verdict motions, Starks was sentenced to concurrent terms of imprisonment. On appeal he contends (1) that the verdict was against the weight of the evidence; (2) that certain evidence was improperly received; and (3) that the trial court erred in refusing to allow him to withdraw his waiver of trial by jury. Our review convinces us that these claims are without merit; therefore, the judgments of sentence will be affirmed.

The relevant facts are these. On February 1, 1979, several armed men forcibly entered a residence at 1720 Reed Street in Philadelphia and announced a holdup. There were, in addition to the victim, two eyewitnesses to the incident, one of whom specifically identified appellant as a partici-

1.  18 Pa.C.S. § 2502.

2.  18 Pa.C.S. § 903.

pant. This witness testified that appellant had pushed her into the kitchen, and that, while in the kitchen, she heard a "large noise" in her house. The second eyewitness testified that she had engaged in a scuffle with another of the intruders, during the course of which the victim, while descending the stairs from his second floor bedroom, was shot by yet another of the intruders. When the police arrived at the scene, the victim was found in the hallway of the premises. He was pronounced dead shortly thereafter by the medical examiner. Appellant presented two alibi witnesses, both relatives, who testified that appellant was elsewhere at the time of the robbery and shooting.

"The grant or refusal of a new trial on the grounds that the verdict was or was not against the weight of the evidence is generally committed to the sound discretion of the trial court. *Commonwealth v. Zapata,* 447 Pa. 322, 327, 290 A.2d 114, 117 (1972); *Commonwealth v. Larew,* 289 Pa.Super. 34, 432 A.2d 1037 (1981); *Commonwealth v. Reidenbaugh,* 266 Pa.Super. 315, 404 A.2d 697 (1978); *Commonwealth v. James,* 197 Pa.Super. 110, 177 A.2d 11 (1962)." *Commonwealth v. Gillespie,* 290 Pa.Superior Ct. 336, 342, 434 A.2d 781, 784 (1981). Where, as here, the weight to be given the evidence and the credibility to be accorded to the witnesses has been passed upon by the trial judge as trier of fact, his findings are entitled to the same weight as a jury verdict, and his refusal to grant a new trial on the grounds that the verdict was against the weight of the evidence will not be disturbed if supported by the record. *Commonwealth v. Dawkins,* 227 Pa.Superior Ct. 558, 561, 322 A.2d 715, 716 (1974). Our review of the record is persuasive that the trial court properly denied appellant's motion for a new trial based on the weight of the evidence.[3]

---

**3.** In his statement of questions involved, appellant presented a claim based only upon the weight of the evidence. However, his argument alludes as well to the sufficiency of the evidence to support his convictions. While generally we consider only those issues contained in the statement of questions involved, Pa.R.A.P. 2116, our review of the record convinces us that the evidence was clearly

■ Appellant next challenges the admission into evidence of certain testimony provided by a Commonwealth witness, Penny Combs, an alleged eyewitness. This witness testified that after she had given statements placing appellant at the scene and had testified at the preliminary hearing, she received threats and was confronted on several occasions by appellant protesting his innocence. She testified that, as a result, she feared for her own safety. Appellant asserts that these statements constituted hearsay, prejudicial in effect, and should have been excluded. We disagree.

The case of *Commonwealth v. Douglass*, 185 Pa.Superior Ct. 269, 138 A.2d 193 (1958), cited by the Commonwealth, is instructive. In *Douglass*, the appellant had been charged with robbery in connection with the holdup of a barbecue business. The proprietress of the establishment had recognized the appellant as one of the participants in the robbery, and, on several occasions prior to and at trial, positively identified him as such. However, she failed to identify him at the hearing before the magistrate, and in fact testified that he was not the robber. At trial, she explained that she was aware of threats to her safety, thus prompting her to testify as she did at the hearing. The appellant argued that testimony by the robbery victim concerning such threats constituted inadmissible hearsay. In rejecting this claim the court stated: "[T]his evidence was not admitted to prove the truth of what was said. It was admitted to show that it was said. The important consideration, irrespective of the truth of the assertion, was the effect the [threat] had upon [the victim]. Did it put her in fear and thus cause her to testify as she did before the magistrate?" Id., 185 Pa.Superior Ct. at 275, 138 A.2d at 196.

The same principle applies to the instant case. The witness had, on several prior occasions, provided investigating officials with statements placing appellant at the scene. However, upon being confronted by appellant's private investigator, she departed from her earlier statements, indicating uncertainty concerning appellant's presence at the

sufficient to sustain appellant's convictions of third degree murder and conspiracy.

scene. Thus, her credibility was clearly at issue, and evidence pertinent thereto was relevant. As in *Douglass*, the testimony concerning the threats against the witness and her resulting fear was offered not for the truth thereof, but to explain the inconsistencies in her testimony. As such, this testimony was not inadmissible hearsay evidence. The trial judge, sitting as trier of fact, could properly receive this testimony and consider it in connection with the issue of the witness' credibility. *See, e.g., Commonwealth v. Batty*, 482 Pa. 173, 178, 393 A.2d 435, 438 (1978).

Appellant's final claim pertains to the trial court's refusal to permit him to withdraw his waiver of a jury trial. This request came in the form of a "motion to impanel a jury" after the Commonwealth had presented its entire case and had rested.

The record contains a lengthy jury trial waiver colloquy which fully complies with standards heretofore established for effective waiver. See: *Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978); *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973); *Commonwealth v. Fortune*, 289 Pa.Superior Ct. 278, 433 A.2d 65 (1981). In fact, before accepting appellant's waiver, the trial court, on several occasions, inquired of him as to whether his proffered waiver was the result of threats, force or promises. Appellant clearly responded that his decision to waive his right to a jury trial had been made by him, of his own free choice. (N.T., 1/22/80, pp. 16, 22). Appellant now contends that his waiver was based upon erroneous information provided by counsel concerning the expected testimony of a Commonwealth witness. Because that testimony was not as appellant had expected, and indeed fortified rather than weakened the Commonwealth's case against him, appellant contends that he was entitled to withdraw his waiver and proceed before a jury. We reject this argument.

Rule 1102 sets forth the procedures to be followed when a jury trial is waived, and provides in pertinent part:

> (b) At any time prior to the commencement of trial the defendant may withdraw his waiver of a jury trial. Thereafter, at any time prior to verdict the trial judge

... may ... permit the defendant, upon motion, to withdraw his waiver.

"It is clear from the language of this section that once trial has commenced a waiver may be withdrawn prior to verdict only where there is some reason to justify such a request." *Commonwealth v. Kennedy*, 271 Pa.Superior Ct. 1, 9, 411 A.2d 1249, 1253 (1979). Further, a waiver may be withdrawn only with permission of the trial judge. *Commonwealth v. Fulton*, 268 Pa.Superior Ct. 547, 552, 408 A.2d 1138, 1140 (1979). See also: Annot., 46 A.L.R.2d 919. Appellant's attempt to withdraw his waiver in the instant case came much too late. Moreover, he has failed to identify grounds which would have justified his request. The argument that his waiver was based on what proved to be an erroneous assumption as to the content of the Commonwealth's case against him may be analogized to a claim of "disappointed expectations," which will not support the withdrawal of an otherwise valid guilty plea. Cf. *Commonwealth v. Waddy*, 463 Pa. 426, 429, 345 A.2d 179, 180 (1975); *Commonwealth v. Sanutti*, 454 Pa. 344, 347, 312 A.2d 42, 45 (1973) (Disappointed expectations alone will not invalidate a guilty plea).

The judgments of sentence are affirmed.

POPOVICH, J., concurs in the result.