524 A.2d 970

**COMMONWEALTH of Pennsylvania**

v.

**Kimberly WRIGHT, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1987.

Filed April 20, 1987.

Deborah K. Hoff, Assistant Public Defender, Waynesboro, for appellant.

John F. Nelson, III, District Attorney, Chambersburg, for Com., appellee.

Before BECK, KELLY and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for driving under the influence of alcohol. Appellant contends that (1) the evidence was insufficient to support the verdict, and (2) the trial court erred in denying appellant's motion to withdraw her waiver of the right to trial by jury. Because we find that appellant should have been allowed to withdraw her waiver of a jury trial, we reverse the judgment of sentence and order a new trial.

On November 26, 1984, appellant was arrested after an auto accident and charged with driving under the influence of alcohol. On May 13, 1985 she waived her right to a trial by jury after a full colloquy by the trial court. On May 16, 1985, appellant appeared for trial and made a motion to withdraw her earlier waiver of her right to a jury trial. The trial court denied the motion. After a bench trial, appellant was convicted of the charge. Her timely post-verdict motions were denied, and she was sentenced to forty-eight hours to twenty-three months incarceration and a $400.00 fine. This appeal followed.

Appellant contends that the evidence was insufficient to support the verdict. Specifically, she argues that the Commonwealth did not prove that she had consumed alcohol prior to the time of the accident. We disagree. In reviewing whether the evidence was sufficient to support the verdict, we must first determine whether, accepting as true all of the evidence reviewed in the light most favorable to the verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Griscavage*, 512 Pa. 540, 543, 517 A.2d 1256, 1258 (1986); *Commonwealth v. Lovette*, 498 Pa. 665, 669, 450 A.2d 975, 977 (1982), *cert. denied subnom Pennsylvania v. Lovette*, 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983). To establish that a defendant is guilty of driving under the influence of alcohol, the Commonwealth must prove beyond a reasonable doubt

that he or she was operating a motor vehicle while under the influence of alcohol to a degree which rendered the person incapable of safe driving, or with the amount of alcohol by weight in the blood in excess of 0.10% or greater. 75 Pa.C.S.A. § 3731(a)(1), (4). *See also Commonwealth v. Slout,* 288 Pa.Super. 471, 474 n. 4, 432 A.2d 609, 610 n. 4 (1981). Absent an abuse of discretion, it is within the province of the trier of fact to believe all, some, or none of the evidence. *Commonwealth v. Eckert,* 244 Pa.Super. 424, 429, 368 A.2d 794, 797 (1976).

■ Here, the arresting police officer testified that appellant admitted to drinking one-half of a bottle of wine prior to the accident. N.T. May 16, 1985 at 15. This admission was corroborated by another officer present during questioning. *Id.* at 66. Appellant and her boyfriend later testified that they had consumed the wine after the accident but before going to the hospital, *id.* at 86, 91, 99. However, we cannot hold that the trier of fact abused its discretion in resolving this conflict in favor of the Commonwealth. *Commonwealth v. Griscavage, supra.* Additionally, the officers testified that appellant smelled of alcohol at the time of questioning, N.T. May 16, 1985 at 8, 57, and that blood alcohol tests produced results above the proscribed level. N.T. May 16, 1986 at 57–58. We, therefore, find that the evidence was sufficient to support the verdict.

■ Appellant next contends that the trial court erred in denying her motion to withdraw her waiver of a jury trial. We agree. The right to a trial by jury for non-petty criminal offenses is a fundamental principle of American law. U.S. Const. amend. VI; Pa. Const. art. I, §§ 6, 9; *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Commonwealth v. Boyd,* 461 Pa. 17, 25 n. 5, 334 A.2d 610, 614 n. 5 (1975). A criminal defendant may waive his or her right to a jury trial provided that the waiver is knowing and voluntary. Pa.R.Crim.P. 1101. *See also North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *Commonwealth v. Hines,* 496 Pa.

555, 559, 437 A.2d 1180, 1182 (1981). Because a defendant's waiver concerns a fundamental right, our rules provide:

> At any time prior to the commencement of trial the defendant may withdraw his waiver of a jury trial. Thereafter, at any time prior to verdict the trial judge on his own motion may order the withdrawal of such waiver or permit the defendant, upon motion, to withdraw his waiver.

Pa.R.Crim.P. 1102(b). This rule provides that at any time prior to the commencement of trial a defendant has an absolute right to withdraw his or her waiver of the right to trial by jury. *Commonwealth v. Kennedy*, 271 Pa.Superior Ct. 1, 9, 411 A.2d 1249, 1253 (1979); *Commonwealth v. Fulton*, 268 Pa.Superior Ct. 547, 552, 408 A.2d 1138, 1140 (1979). After commencement of trial, any withdrawal of such a waiver is within the sound discretion of the trial court. *See, e.g., Commonwealth v. Starks*, 298 Pa.Superior Ct. 213, 219, 444 A.2d 736, 739 (1982). The threshold determination, therefore, is when trial can be said to have commenced for the purposes of Pa.R.Crim.P. 1102(b). There exists no Pennsylvania case or rule directly dispositive of this question. We are guided, however, by the determination of a similar issue relative to the commencement of trial under Pa.R.Crim.P. 1100.

Rule 1100(a)(2) mandates that a criminal trial commence within 180 days after the filing of a complaint. Commencement, for the purposes of the rule, has been interpreted to mean:

> [W]hen the trial judge determines that the parties are present and directs them to proceed to voir dire or to opening argument, or to the hearing of any motions which had been reserved for the time of trial or to the taking of testimony, or to some other such first step in the trial.

*Id.*, comment. *See also Jones v. Commonwealth*, 495 Pa. 490, 495, 434 A.2d 1197, 1199 (1981); *Commonwealth v. Fooks*, 345 Pa.Superior Ct. 145, 149, 497 A.2d 1346, 1348 (1985). This interpretation is based upon the principle that

the commencement of trial should be "marked by a substantive, rather than a pro forma, event." *Commonwealth v. Lamonna*, 473 Pa. 248, 260, 373 A.2d 1355, 1361 (1977) (EAGEN, C.J., concurring).  This principle should also apply to Rule 1102(b), particularly since our determination will have a profound effect upon a fundamental right—trial by jury.  Seen in that light, it seems especially appropriate that in limiting a defendant's right to withdraw his waiver of the right to trial by jury we do so upon a "substantive" and not "pro forma" basis.

■ Here, appellant attempted to withdraw her waiver of the right to a jury trial in the following way:

MR. NELSON (District Attorney): Your Honor, we call the case of Commonwealth versus Kimberly Wright.
THE COURT: Very well.
MS. HOFF (Defense Counsel): Your Honor, could we approach the bench?
THE COURT: Certainly.

\* \* \* \* \* \*

MS. HOFF: Your Honor, at this time on behalf of the defendant in this case I would like to request that the jury waiver which was executed on Monday, May 13, 1985, be withdrawn and that the case be continued until the July term of court.  The defendant is willing to waive Rule 1100 from this date until the beginning of the July term.  She does feel that proceeding before a jury would be in her best interest and that she would like to proceed that way at this point, Your Honor.

\* \* \* \* \* \*

THE COURT: ... your request is denied.  You may proceed.  You may call your first witness.

N.T. May 16, 1985.  Appellant's request was the first order of business after the case had been called.  Clearly, the trial had commenced in only a pro forma way.  The trial court had not directed that opening arguments begin, testimony start, or motions reserved for trial be argued.  Thus, no substantive step had been taken in the trial.  Under this

analysis, therefore, trial had not commenced for the purposes of Rule 1102(b) and appellant had an absolute right to withdraw her waiver of the right to a trial by jury. *Commonwealth v. Kennedy, supra; Commonwealth v. Fulton, supra.* Accordingly, we hold that the trial court erred in refusing to allow appellant to withdraw her waiver. The judgment of sentence is reversed and a new trial is ordered.

Judgment of sentence is reversed and a new trial is ordered. Jurisdiction is relinquished.