959 A.2d 910

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Eric DOWLING, Appellant.**

Supreme Court of Pennsylvania.

Argued May 14, 2008.

Decided Nov. 19, 2008.

612

Richard S. Packel, Esq., for Eric Dowling.

William R. Toal, III, Esq., A. Sheldon Kovach, Esq., George Michael Green, Esq., Delaware County District Attorney's Office, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD and McCAFFERY, JJ.

## OPINION

Justice BAER.

Pennsylvania Rule of Criminal Procedure 621(B) provides in full that "[a]t any time before the commencement of trial, a waiver of a jury trial or the judge's approval thereof may be withdrawn." This appeal presents the issue of whether Appellant's trial had commenced at the time he sought to withdraw his jury trial waiver and reinstate his right to a trial by jury, where both parties waived opening arguments, but no witnesses had yet been called. We hold that trial had commenced for purposes of Pa.R.Crim.P. 621(B) and, therefore, the trial court did not err in denying Appellant's request to withdraw his jury trial waiver. Accordingly, for the reasons set forth herein, we affirm.

The record discloses that on July 3, 2002, Detective John Newell of the Delaware County Drug Task Force was working in an undercover capacity near Chester High School in the City of Chester, when he met with Appellant and exchanged a large sum of money for one glass vial of phencyclidine (PCP).[1] When Detective Newell inquired as to the possibility of additional purchases, Appellant gave the detective his telephone number and told him to call when he wanted more drugs.

Throughout the balance of July, 2002, Detective Newell called Appellant four times to purchase PCP. After each call, Appellant met Detective Newell at or near where the first

---

1. The record does not disclose how the meeting between Appellant and Detective Newell was arranged.

transaction took place and exchanged large sums of money for glass vials of PCP. Using these exchanges as the requisite probable cause, police obtained a search warrant and recovered from Appellant's residence a small amount of marijuana, bagging material, a scale, PCP residue, and cash. In due course, Appellant was charged with multiple counts of possession of a controlled substance, possession of a controlled substance with intent to deliver, and possession of drug paraphernalia.[2]

Appellant's case was set for trial several times between November of 2003 and May of 2005, and each time the matter was continued. On June 15, 2005, Appellant requested a bench trial and, through counsel, provided to the trial court a written jury trial waiver form, confirming that Appellant had reviewed the waiver form with his counsel, understood its contents, initialed it, and signed it in the presence of his attorney. Immediately thereafter, the trial court conducted an extensive on-the-record colloquy, and determined that Appellant's jury trial waiver was voluntary, knowing, and intelligent. The court thereafter inquired as follows:

> TRIAL COURT: Okay. Are we ready to proceed to any opening statements?
> DEFENSE COUNSEL: Yeah. I'll waive opening statement.
> PROSECUTOR: Your Honor, we're waiving opening— counsel and I will waive opening statements. However, I expect to be starting a jury trial this afternoon. As a result, I don't have any witnesses here this afternoon. I'll be prepared to start with my first witness tomorrow morning.
> TRIAL COURT: All right. That's fine. We'll pick it up in the morning then . . . .
> DEFENSE COUNSEL: Thank you, Your Honor.

N.T. dated 6/15/2005 at 30–31.

The following day, before the Commonwealth called its first witness, Appellant's counsel informed the court that Appellant wished to withdraw his jury trial waiver and proceed to a jury trial. The trial court took a recess to consider the issue and

---

**2.** 35 P.S. §§ 780–113(a)(16), (a)(30), and (a)(32), respectively.

subsequently denied Appellant's motion to withdraw his jury trial waiver. The court found that trial had already commenced for purposes of Pa.R.Crim.P. 621(B) and, therefore, Appellant could not withdraw his jury waiver as of right. The court then denied Appellant's request to withdraw his waiver.

The case proceeded to a bench trial, where Detective Newell testified regarding the several drug purchases he made from Appellant. Appellant was convicted of six counts of possession of a controlled substance, five counts of possession with intent to deliver a controlled substance, and one count of possession of drug paraphernalia. On December 8, 2005, Appellant was sentenced to an aggregate term of ten to twenty years of incarceration, followed by one year of probation.

On appeal to Superior Court, Appellant contended that he was entitled to a new trial because he exercised his right to withdraw his jury waiver prior to commencement of trial, thereby resurrecting his right to be tried by a jury. The Superior Court rejected Appellant's contention, and affirmed his judgment of sentence in an unpublished memorandum. The court recognized that Pa.R.Crim.P. 621(B) permits the withdrawal of a jury trial waiver as of right "at any time before the commencement of trial." In deciding that trial had begun, the court relied on its decision in *Commonwealth v. Wright*, 362 Pa.Super. 464, 524 A.2d 970 (1987), which, in turn, relied by analogy upon Pa.R.Crim.P. 600(B) (Prompt Trial) and the *Comment* thereto.[3] Rule 600(B) states:

> (B) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere.*

The *Comment* to Rule 600 states:

> A trial commences when the trial judge determines that the parties are present and directs them to proceed to *voir dire*

**3.** When *Wright* was decided in 1987, the jury trial waiver rule, Pa. R.Crim.P. 621(B), was designated Pa.R.Crim.P. 1102(b), and the prompt trial rule, Pa.R.Crim.P. 600, was designated Pa.R.Crim.P. 1100. The renumbering of these rules has no impact on this case. Moreover, Rule 621(B) was amended after the *Wright* decision. The amendment, however, does not impact this case, as both the pre and post-*Wright* versions of the rule permit a defendant to withdraw a jury trial waiver at any time prior to the commencement of trial.

or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony, or to some other such first step in the trial. It is not intended that preliminary calendar calls should constitute commencement of a trial. . . . [4]

■ Applying this construct to the facts presented, the Superior Court concluded that Appellant's trial had already commenced when he attempted to withdraw his jury trial waiver in that both defense counsel and the Commonwealth had waived opening arguments. Thus, the Superior Court concluded that the trial court did not abuse its discretion in holding that trial had commenced.[5]

■ This Court granted allocatur to determine when trial commences for purposes of Pa.R.Crim.P 621(B). The interpretation of the Rules of Criminal Procedure presents a question of law and therefore, notwithstanding the Superior Court's "slip of the tongue," our standard of review is *de novo* and our scope of review is plenary. *In re Hickson*, 573 Pa. 127, 821 A.2d 1238, 1242 (2003).

4.  The *Wright* court noted that Rule 600's interpretation of when trial commences was based upon the principle that the commencement of trial should be "marked by a substantive, rather than pro forma, event." *Id.*, citing *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355, 1361 (1977) (Eagen, C.J., concurring). It concluded that this principle should also apply to Pa.R.Crim.P. 621(B); particularly because the determination will have a profound effect upon a fundamental right-trial by jury. *Id.*

5.  While Appellant challenges the Superior Court's injection of an abuse of discretion standard in review of what we acknowledge is a question of law, he acknowledges that the court's use of "abuse of discretion" language may have been a mere "slip of the tongue." Appellant's Brief at 28. The Commonwealth asserts that while the Superior Court employed "abuse of discretion" language, it would appear from the context of the memorandum opinion that the court was simply applying its previous ruling in *Wright*, which utilized a "question of law" *de novo* standard of review in deciding when trial commences for purposes of Pa.R.Crim.P. 621(B). Under the facts presented, we find that any error is harmless. *See Commonwealth v. Karetny*, 583 Pa. 514, 880 A.2d 505, 513 (2005) (holding that, as a practical matter, the Superior Court's application of an erroneous standard of review is of no dispositive moment where this Court accepts an appeal challenging the result reached by the trial court and applies the appropriate standard of review).

■   Preliminarily, we recognize that it is undeniable that Appellant has a constitutional right to a jury trial. *See* Pa. Const. art. I, §§ 6, 9; United States Const. amends. VI, XIV. A defendant may waive this right, provided such waiver is knowing and voluntary, and the accused is aware of the essential ingredients of a jury trial. *Commonwealth v. Houck,* 596 Pa. 683, 948 A.2d 780, 787 (2008); Pa.R.Crim.P. 620 (Waiver of Jury Trial). As noted, Appellant does not challenge the propriety of his jury trial waiver, but rather contends that he should have been permitted to withdraw it pursuant to Pa.R.Crim.P. 621(B) because, in his view, trial had not yet commenced.[6]

Appellant argues that the Superior Court erred by relying upon its decision in *Wright,* applying to this case, involving the waiver of a jury trial under Pa.R.Crim.P. 621(B), the definition of "commencement of trial" set forth in Pa.R.Crim.P. 600(B). He argues that because *Wright* is a Superior Court opinion, we are not bound by it, and, further, that the decision is not persuasive because it fails to consider alternative interpretations of the presented question. Moreover, Appellant argues that Pa.R.Crim.P. 600(B) begins with the phrase, "[f]or the purpose of this rule," and therefore should not be analogized to the instant scenario, arising under Rule 621(B).

Advocating that on these bases this Court should not adopt the *Wright* rationale, Appellant offers an alternative construction of "commencement of trial" which, if applied, would render his withdrawal of jury trial waiver timely. Specifically, he relies on the case law interpretation of when jeopardy attaches for purposes of double jeopardy, which is when the trial court has begun to hear the evidence. *See Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) (providing that in a nonjury trial, jeopardy attaches when the court begins to hear evidence). Similarly, Appellant cites the Pennsylvania statutory standard for attachment of

6.   The parties agree that Pa.R.Crim.P. 621(B) confers an absolute right to withdraw a jury trial waiver at any time prior to the commencement of trial. *See Commonwealth v. Rodriguez,* 416 Pa.Super. 456, 611 A.2d 305 (1992). Thus, our discussion focuses solely on when trial commences for purposes of this rule.

double jeopardy set forth at 18 Pa.C.S. § 109(4), which bars a subsequent prosecution when the former prosecution is "improperly terminated after the first witness is sworn." *Id.* Appellant urges us to adopt a criteria consistent with these measures to define "commencement of trial," asserting that such construction offers more protection of the constitutional right to trial by jury. As noted, if we were to accept Appellant's argument, his withdrawal of his jury trial waiver would be prior to trial's commencement, entitling him to a new trial.

Not surprisingly, the Commonwealth advocates the adoption of the Rule 600 analytical framework for determining when trial commences for purposes of Pa.R.Crim.P. 621(B), as set forth in *Wright,* and as applied by the Superior Court in the instant case. It asserts that most states allow a trial court to exercise discretion when considering, at any time during the proceedings, whether to allow the withdrawal of a jury trial waiver. *See Marquez v. State,* 921 S.W.2d 217, 220 (Tex.Crim. App.1996) (discussing the manner in which different states address issues regarding the withdrawal of a waiver of a jury trial). The Commonwealth maintains that because Pa. R.Crim.P. 621(B) permits the absolute withdrawal of the jury trial waiver prior to commencement of trial, Pennsylvania actually provides more protection of a defendant's right to a jury trial than most of its sister states, and there is neither the need nor justification for expanding the right of withdrawal by retarding when during the proceedings the trial is deemed to have commenced.[7] The Commonwealth also posits that to adopt Appellant's suggestion would open our trial

7. The Commonwealth actually proposes that we judicially amend Pa. R.Crim.P 621(B) to align Pennsylvania with those states that afford trial courts discretion in considering requests to withdraw jury trial waivers regardless of the case's procedural posture. *See People v. Miller,* 149 Misc.2d 554, 566 N.Y.S.2d 429 (1990) (trial court opinion collecting cases involving states which allow a trial court to exercise discretion in addressing applications to withdraw a jury trial waiver and contrasting those states where a defendant can withdraw a jury trial waiver prior to commencement of trial as a matter of right). Because we find that Appellant is not entitled to relief under the current version of Pa. R.Crim.P 621(B), we decline the Commonwealth's invitation to utilize this case as the vehicle by which we impose any further restrictions on a defendant's right to withdraw a jury trial waiver.

courts to manipulation, presenting the example of a defendant agreeing to waive a jury trial, waiting until jurors are dismissed, completing disposition of pre-trial motions and opening arguments, and, then, demanding that his jury trial waiver be withdrawn, delaying the trial and adversely impacting the trial court's ability to efficiently marshal judicial and societal resources.[8]

Appellant replies that the countervailing policies in preventing manipulation of the system and avoiding undue delay are not compelling. He argues baldly that there is no great likelihood that a defendant would attempt to manipulate the system by aborting a trial after opening arguments have taken place. Finally, Appellant maintains that any delay resulting from impaneling a jury after a criminal defendant already waived his right to a jury trial and subsequently revokes that waiver would not be substantial.

██ Upon careful consideration of the policies underlying the proffered approaches, we agree with the Commonwealth that application of Rule 600's analytical framework presents the most reasoned methodology for defining when trial commences for purposes of withdrawal of a jury trial waiver under Pa.R.Crim.P. 621(B). Keeping in mind that Pennsylvania liberally affords criminal defendants the absolute right to withdraw their jury trial waivers before trial commences, we should ensure that the exercise of such right is not used to frustrate the administration of justice by delaying the proceedings for tactical gain.

██ In conformity with the *Comment* to Pa.R.Crim.P. 600, we therefore hold that trial commences for purposes of Pa.R.Crim.P. 621(B), when a court has begun to hear motions which have been reserved for the time of trial; when oral

8. Indeed, the Commonwealth asserts that the trial court believed Appellant's attempt to reassert his right to a jury trial in this case was intended to delay matters and manipulate the process. *See* N.T. dated 6/17/2005 at 155 (in addressing Appellant after closing arguments, the trial court stated, "This case has been hanging around for a long time. I think [the request to withdraw the jury trial waiver] was just your attempt to postpone what inevitably had to happen.").

arguments have commenced; or when some other such substantive first step in the trial has begun. As noted in *Wright,* this interpretation is based upon the principle that the commencement of trial should be "marked by a substantive, rather than pro forma, event." *Id.* at 972, citing *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355, 1361 (1977) (Eagen, C.J., concurring).

Applying this holding to the facts presented, we conclude that the trial court was correct in denying Appellant's untimely request to withdraw his jury trial waiver when such request was made after defense counsel and the Commonwealth waived opening arguments, which, we find, is the constructive equivalent of presenting opening arguments.

Finally, we note that this holding in no way infringes on Appellant's constitutional right to a jury trial. The trial court found Appellant's jury trial waiver voluntary, knowing, and intelligent, and Appellant did not challenge this finding on appeal. Appellant now proposes that this Court recognize an independent right under the United States and/or Pennsylvania Constitution to reinstate a previously waived constitutional right to a jury trial. As well stated herein, Pennsylvania already affords defendants a rule-based right to withdraw jury trial waivers prior to trial's commencement. We decline to premise this right on constitutional grounds, or to extend it to after trial's commencement.

Chief Justice CASTILLE.

Justice SAYLOR and EAKIN, Justice TODD and Justice McCAFFERY join the opinion.