J-S64034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON ALEXANDER LOHR | |
| Appellant | No. 690 WDA 2014 |

Appeal from the Judgment of Sentence November 7, 2013
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000889-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED DECEMBER 16, 2014**

Appellant, Jason Alexander Lohr, appeals from the judgment of sentence entered in the Butler County Court of Common Pleas, following his bench trial conviction for driving under the influence, controlled substances ("DUI") and the summary offenses of driving an unregistered vehicle and careless driving.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On January 8, 2012, at approximately 11:00 p.m., police officers Christopher McGee and Mike Murcko stopped Appellant, who was operating a black Dodge Durango, after the police observed the vehicle weave in and out

---

[1] 75 Pa.C.S.A. §§ 3802(d)(2); 1301(a); 3714(a) respectively.

of its travel lane continually for approximately two miles. After Appellant pulled his vehicle over to the side of the road, Officer McGee confirmed that the vehicle registration had expired. Officer McGee then approached the vehicle to speak with Appellant and found him very "lethargic." The officer also saw several prescription bottles in the vehicle. He conducted two field sobriety tests on Appellant and found "sufficient probable cause to effect an arrest for suspicion of driving under the influence." After Officer McGee read Appellant his **Miranda**[2] warnings, Appellant admitted he had taken a combination of prescription drugs. Police arrested Appellant and later transported him to the hospital for blood tests. Forensic toxicologist Dr. Wendy Adams later testified for the Commonwealth that Appellant's blood test revealed the presence of diazepam, nordiazepam, clonazepam, and hydrocodone, medications which can cause impairment.

On June 28, 2013, following a bench trial, the court convicted Appellant of DUI and the summary offenses of driving an unregistered vehicle and careless driving. On November 7, 2013, the court sentenced Appellant to $1,600.00 in fines, sixty hours of community service, fourteen days of electronic monitoring, and six months of intermediate punishment. Appellant timely filed a post-sentence motion on Monday, November 18, 2013, alleging ineffective assistance of counsel. On December 6, 2013, the

_____

[2] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

court stayed the sentence and released Appellant on bail (R.O.R.) pending the outcome of the hearing scheduled for January 10, 2014. The court granted Appellant's first request for a continuance of the hearing due to defense counsel's illness. The hearing was rescheduled for February 7, 2014. Upon defense request, the hearing was again continued to March 11, 2014. On March 3, 2014, the Commonwealth requested another continuance because the district attorney would be on vacation. Defense counsel did not oppose the continuance, and the court rescheduled the hearing for March 31, 2014. By order dated March 31, 2014, and filed April 1, 2014, the court denied the post-sentence motions by operation of law, without ruling on the merits. On April 30, 2014, Appellant timely filed a notice of appeal. By order dated May 7, 2014, and filed with notice sent on May 8, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), which he timely filed on May 28, 2014.[3]

Appellant raises the following issues for our review:

> DID THE TRIAL COURT ERR BY CONCLUDING THAT APPELLANT'S CONTINUANCE REQUESTS WERE INSUFFICIENT UNDER PA.R.CRIM.P. 720(B)(3)(B)?

---

[3] The Rule 1925(b) statement is stamped as filed on May 30, 2014. Nevertheless, Rule 1925(b)(1) allows for the filing of a Rule 1925(b) statement by mail as provided in Pa.R.A.P. 121(a). Here, Appellant's filing is deemed completed on May 28, 2014, the date of mailing, because Appellant included a verifiable postal form confirming the date of mailing, in compliance with the requirements of Pa.R.A.P. 1112(c).

> DID THE TRIAL COURT ERR BY DECLINING TO ADDRESS APPELLANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL SINCE HE WILL LIKELY COMPLETE HIS SENTENCE BEFORE POST-CONVICTION RELIEF CAN BE OFFERED?

(Appellant's Brief at 9).

In his first issue, Appellant argues the court should have considered one of his continuance requests for the post-sentence motion hearing as a motion for a 30-day extension of time pursuant to Pa.Crim.P. 720. Appellant claims the request was implied in motion, and the court erred by not granting his "implicit" motion. Appellant contends the denial of his post-sentence motion by operation of law was a consequence of this error. Appellant concludes the order denying his post-sentence motion by operation of law should be reversed. We disagree.

Pennsylvania Rules of Criminal Procedure, Rule 720 provides, in relevant part:

**Rule 720. Post-Sentence Procedures; Appeal**

\* \* \*

**(B) Optional Post-Sentence Motion.**

(1) *Generally*.

(a) The defendant in a court case shall have the right to make a post-sentence motion. All requests for relief from the trial court shall be stated with specificity and particularity, and shall be consolidated in the post-sentence motion, which may include:

(i) a motion challenging the validity of a plea of

- 4 -

guilty or *nolo contendere*, or the denial of a motion to withdraw a plea of guilty or *nolo contendere*;

(ii) a motion for judgment of acquittal;

(iii) a motion in arrest of judgment;

(iv) a motion for a new trial; and/or

(v) a motion to modify sentence.

(b) The defendant may file a supplemental post-sentence motion in the judge's discretion as long as the decision on the supplemental motion can be made in compliance with the time limits of paragraph (B)(3).

(c) Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues.

(2) *Trial Court Action*.

(a) Briefing Schedule. Within 10 days after a post-sentence motion is filed, if the judge determines that briefs or memoranda of law are required for a resolution of the motion, the judge shall schedule a date certain for the submission of briefs or memoranda of law by the defendant and the Commonwealth.

(b) Hearing; Argument. The judge shall also determine whether a hearing or argument on the motion is required, and if so, shall schedule a date or dates certain for one or both.

(c) Transcript. If the grounds asserted in the post-sentence motion do not require a transcript, neither the briefs nor hearing nor argument on the post-sentence motion shall be delayed for transcript preparation.

(3) *Time Limits for Decision on Motion*. The judge shall not vacate sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph.

(a)     Except as provided in paragraph (B)(3)(b), the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion.  If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law.

(b)     Upon motion of the defendant within the 120-day disposition period, for good cause shown, the judge *may* grant one 30-day extension for decision on the motion.  If the judge fails to decide the motion within the 30-day extension period, the motion shall be deemed denied by operation of law.

Pa.R.Crim.P. 720(B)(1)-(3) (emphasis added).  "The interpretation of the Rules of Criminal Procedure presents a question of law and therefore, …our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Dowling***, 598 Pa. 611, 616, 959 A.2d 910, 913 (2008); ***Commonwealth v. Lennon***, 64 A.3d 1092, 1097 (Pa.Super. 2013).

Instantly, Appellant's applications for continuance were made on preprinted forms, which were filled in by hand.  Nothing on those applications requested or could be reasonably construed to request a 30-day extension of the disposition period for post-sentence motions, under Rule 720(B)(3)(b).  When the last application for a continuance was filed on March 3, 2014, and the hearing was rescheduled for March 31, 2014, it was incumbent upon defense counsel to file a timely express request for a 30-day extension.  Here, the 120-day disposition period under Rule 720 was due to expire on March 19, 2014.  We cannot tell from the record whether

the court's scheduling order caused the clerk of court's failure to enter an order on the 120th day (March 19, 2014). Nevertheless, as soon as the 120 days elapsed from the time of the filing of the post-sentence motions, and without a proper request from Appellant to extend the disposition for another 30 days, the motions had to be deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(b); **Commonwealth v. Khalil**, 806 A.2d 415 (Pa.Super. 2002). The court's action at that point was not adjudicatory. Thus, as presented, Appellant's first issue lacks merit.

In his second issue, Appellant argues he will be unable to raise his ineffective assistance of trial counsel claims for collateral review under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9542-9546, because his sentence is short; and he will have served it before collateral relief can be sought or obtained. Appellant submits this Court should create a system or rule directing trial courts to grant automatic stays of short sentences and review properly-preserved short-sentence defendants' ineffective assistance of counsel claims for direct appeal. Alternatively, Appellant suggests the trial courts should stay his short sentence so he has a chance to pursue his ineffectiveness of counsel claims under the PCRA. Appellant concludes his case presents an extraordinary situation that allows him to raise his ineffective assistance of counsel claims on this direct appeal. We cannot agree with these contentions.

Primarily, "when ineffectiveness claims are raised in a post-sentence

motion, the trial court fails to hold an evidentiary hearing, and the motion is denied by operation of law, [**Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726 (2002)] requires that the ineffectiveness claims be deferred to a collateral proceeding." **Commonwealth v. Crosby**, 844 A.2d 1271, 1272 (Pa.Super. 2004). The Pennsylvania Supreme Court recognized two exceptions to the **Grant** rule, both of which fall within the discretion of the trial court:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> Second, with respect to other cases and claims, …we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown,[1] and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.[2] In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the [**Commonwealth v. Bomar**, 573 Pa. 426, 826 A.2d 831 (2003)] exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. **See** Part III(C)(2). This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review. **See Commonwealth v. Wright**, 599 Pa. 270, [320,] 961 A.2d 119, 148 n. 22 (2008); **Commonwealth v. Liston**, 602 Pa. 10, [20-30,] 977 A.2d 1089, 1095–1101 (2009) (Castille, C.J., concurring, joined by Saylor and Eakin, JJ.).

[1] As will be explained in Part III(C)(2) *infra,* in short sentence cases the trial court's assessment of good cause should pay particular attention to the length of the sentence imposed and the effect the length of the sentence will have on the defendant's realistic prospect to be able to avail himself of collateral review under the PCRA.

[2] Unitary review describes the defendant's ability to pursue both preserved direct review claims and collateral claims of trial counsel ineffectiveness on post-sentence motions and direct appeal, and could aptly describe both exceptions we recognize today. However, for purposes of this appeal, we intend the term only to describe the second exception, *i.e.,* that hybrid review which would encompass full-blown litigation of collateral claims (including non-record-based claims).

***Commonwealth v. Holmes***, 621 Pa. 595, 598-99, 79 A.3d 562, 563-64 (2013).

Instantly, Appellant raised three ineffective assistance of counsel claims in his post-sentence motions, which he filed on November 18, 2013. By order filed April 1, 2014, the court denied the post-sentence motion by operation of law as exceeding the 120-day limit under Rule 720. Nevertheless, in its opinion, the court stated:

This [c]ourt has determined, in its discretion, that neither exception applies to the case at hand. Although [Appellant's] Post-Sentence Motions pleading at paragraph numbered 13 (thirteen) states…, "[Appellant] waives later collateral review in order to have his ineffective assistance claim addressed on direct appeal," [Appellant] has presented no evidence to support his claims of ineffective assistance of counsel.

(Trial Court Opinion, filed June 23, 2014, at 2). The record demonstrates

that Appellant's post-sentence motions, filed on his behalf by current counsel, included the following allegations regarding trial counsel's assistance:

> 6. In this case, trial counsel did not consult an expert to determine whether Defendant's use of the prescribed medications [was] likely to render him incapable of safe driving.
>
>         \*     \*     \*
>
> (b) Witness Wendy Adams testified that the effect that the prescription medications would have on a subject depends on that individual's level of tolerance.
>
> (c) There was no testimony about Defendant's level of tolerance to the medications he consumed.
>
> (d) Trial counsel rendered ineffectiveness by failing to consult an expert witness about Defendant's ability to safely operate a motor vehicle after consuming prescription drugs.
>
> (e) Trial counsel also rendered ineffective assistance by failing to call a witness to testify to Defendant's level of tolerance to the prescription medications.
>
> 7. Trial counsel also rendered ineffective assistance by failing to attempt an involuntary intoxication defense to the charge of DUI.[4]
>
>         \*     \*     \*

---

[4] Under Pennsylvania law the issue of whether involuntary intoxication is available as a defense to DUI remains unclear. **See Commonwealth v. Smith**, 831 A.2d 636 (Pa.Super. 2003).

      (b)    Trial counsel did not explore the possibility of this defense with Defendant.

      (c)    Trial counsel did not present this defense at trial.

      (d)    As the defense was a potential route to an acquittal, Defendant was prejudiced by Trial counsel's inaction.

8. Trial counsel rendered ineffective assistance by failing to object to a statement made in the Commonwealth's closing argument that contradicted the testimony offered by the expert witness.

      (a)    In its closing argument, the Commonwealth stated, "I would point out to the court the hydrocodone free result where it says he had 25 nanograms per milliliter in his blood, if you look at paragraph 6 on page 3 of 7-amino of the report, Your Honor, that level is **above** the peak serum level for that medication if it's being taken properly. So we do have a result that is higher than the therapeutic level." N.T., at 51.

      (b)    Witness Wendy Adams specifically testified that the "hydrocodone is also consistent" with therapeutic use. N.T., at 30.

      (c)    There is no testimony, expert or otherwise, stating that any of the medications in defendant's system were outside of the therapeutic range.

      (d)    Trial Counsel did not object to this statement.

      (e)    Defendant was prejudiced by this inaccurate representation of his use of hydrocodone.

*   *   *

(Post-Sentence Motions, filed 11/18/13, at unnumbered 3-5). At ¶13, Appellant also attempted to exercise a preliminary waiver of his right to collateral review so he could have his ineffective assistance of counsel claims

reviewed immediately. (*Id.* at unnumbered 6). The court deemed these allegations of trial counsel's ineffectiveness "mere assertions" without "proof" or "evidence to support his claims." (*See* Trial Court Opinion at 2.) The court also said Appellant's claims of trial counsel ineffectiveness met neither *Holmes* exception. *See id.* Finally, the court stated: "This [c]ourt has conducted a comprehensive inquiry in this matter and a review of the record and testimony will show no abuse of discretion or error of law." (*See id.*)

On this record, we are not in a position to review Appellant's ineffective assistance of counsel claims. Here, the court denied Appellant's post-sentence motions by operation of law, which the court had to do, absent a proper motion for a 30-day extension of time under Rule 720(B)(3)(b). The last application for a continuance had pushed the hearing date for the disposition of the post-sentence motions beyond the 120-day deadline. Current defense counsel did not oppose that application. Counsel should have been alert to the 120-day deadline and either opposed rescheduling the hearing or asked for a 30-day extension under Rule 720. Absent these precautions, we have no record of any hearing conducted on Appellant's issues or a waiver colloquy regarding his PCRA rights. The court's opinion rejecting Appellant's claims of ineffective assistance of counsel as mere assertions, without analysis, is likewise insufficient for immediate review. Under these circumstances, we conclude the best

resolution of this case is to dismiss Appellant's ineffectiveness of counsel claims without prejudice, so Appellant can raise them in a timely filed PCRA petition.[5]  Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2014

---

[5] Appellant can choose to file a PCRA petition expeditiously, given his short-term sentence, and raise his ineffective assistance of counsel claims in that petition.  Appellant might want to include in his PCRA petition an ineffective assistance of post-sentence motion/current counsel for allowing the time to decide the post-sentence motion to slip away without filing a proper motion for an extension of time under Rule 720(b)(3)(b).  Appellant can also ask the court to continue the stay of Appellant's sentence pending PCRA review.