J-S29031-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC LEON DENNIS, | : | |
| | : | |
| Appellant | : | No. 1753 WDA 2014 |

Appeal from the PCRA Order Entered October 10, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0007278-2010

BEFORE:    PANELLA, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED JUNE 11, 2015**

Eric Leon Dennis (Appellant) appeals from the order entered on October 10, 2014, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The background underlying this matter can be summarized as follows.

[Appellant was charged with criminal homicide and endangering the welfare of children.]  On October 31, 2011, after spending the morning and part of the afternoon selecting a jury, [Appellant] communicated his desire to proceed with a non-jury trial.  At the time [Appellant] changed his mind about wanting a jury trial, the parties already had selected five (5) jurors, and [Appellant] had exercised six of his preemptory challenges.  [Appellant] executed a jury trial waiver form, and a waiver hearing was held before Judge Zottola that same day. After an extensive on-the-record colloquy [among Appellant], the court, and counsel, Judge Zottola accepted his waiver and informed him that the bench trial before [Judge Lazzara] would begin the next day.

On the morning of November 1, 2011, the parties appeared before [Judge Lazzara] for the commencement of the

*Retired Senior Judge assigned to the Superior Court.

non-jury trial. The Commonwealth immediately presented an oral motion for the issuance of a material witness arrest warrant, and it also addressed the absence of a second trial witness who was represented by counsel. However, the Commonwealth made clear that it was ready to proceed with its first two (2) witnesses because they were present and ready to testify. The court provided defense counsel with an opportunity to set forth his position on the record, at which time counsel reaffirmed that his client still desired to proceed non-jury:

> Bob Foreman, on behalf of the defendant. I think the [c]ourt is aware that we had begun selecting a jury yesterday. By consent of the defendant and counsel for the Commonwealth, the case will now be heard non-jury; [*sic*] does provide the court a little bit of flexibility but it also involves, quite frankly, the convenience of the [c]ourt, as well as the efficiency of hearing the case all at one time. So I have no position or request to make of the [c]ourt at this point.

After hearing from defense counsel, the court issued the material witness warrant, officially called the case, and asked the parties to identify themselves for the record. At that point, the court was prepared to begin receiving testimony from the Commonwealth witnesses. It was only after defense counsel entered his appearance on the record that he relayed to the court that [Appellant] had changed his mind yet again and that he wanted a jury trial after all.

After engaging in an extensive colloquy with [Appellant] regarding his motivation for wanting to withdraw his jury trial waiver, the court expressed its concern that [Appellant] was playing games with the court and that he was attempting to manipulate the system in order to secure a better jury panel, particularly one that contained more African-American individuals. The court specifically noted that [Appellant] had not raised any of his concerns regarding the makeup of the jury pool to Judge Zottola the day prior, and defense counsel also confirmed that the reason for waiver of the jury trial based upon lack of representation of a race or ethnic group was not raised before. Given (i) the court's legitimate concern that [Appellant] was attempting to manipulate the system and waste judicial resources, (ii) the fact that the court had already entertained

matters relating to trial, and (iii) the fact that the request was made immediately prior to the Commonwealth calling its first witness, the court denied [Appellant's] request to withdraw his jury trial waiver and proceeded to a non-jury trial.

PCRA Court Opinion, 1/21/2015, at 2-4 (citations, quotation marks, and emphasis omitted).

The trial court convicted Appellant of third-degree murder and endangering the welfare of children. The court sentenced Appellant to 22 to 44 years in prison. New counsel was appointed to represent Appellant, and Appellant appealed to this Court. On appeal, Appellant raised an evidentiary issue and challenged the sufficiency of the evidence. On July 22, 2013, this Court affirmed the judgment of sentence. *Commonwealth v. Dennis*, 83 A.3d 1073 (Pa. Super. 2013) (unpublished memorandum). Appellant did not seek allowance of appeal with our Supreme Court.

Appellant *pro se* timely filed a PCRA petition. Counsel was appointed to represent Appellant. PCRA counsel filed two amended PCRA petitions. Appellant presented three claims in his petition. Appellant argued that trial counsel was ineffective for failing to object to the trial court's denial of Appellant's request to withdraw his jury-trial waiver. Appellant also maintained that appellate counsel was ineffective for failing to pursue on direct appeal the issue of whether the trial court erred by denying Appellant's request to withdraw his jury-trial waiver. Lastly, Appellant contended that, if trial had begun when trial counsel raised Appellant's

request to withdraw his jury-trial waiver, then counsel was ineffective for untimely presenting the request.

On September 22, 2014, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907, stating that the court intended to dismiss the PCRA petition without holding an evidentiary hearing. The court formally dismissed the petition on October 10, 2014. Appellant timely filed a notice of appeal and *sua sponte* filed a statement pursuant to Pa.R.A.P. 1925(b). The PCRA court responded to the 1925(b) statement by issuing an opinion in compliance with Pa.R.A.P. 1925(a).

In his appellate brief, Appellant presents one verbose issue. Appellant's Brief at 3. In short, he contends that the PCRA court erred by rejecting his claims that trial and appellate counsel provided ineffective assistance of counsel. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010). "To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have

been different." ***Commonwealth v. Jones***, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted).

Regarding his first claim that trial counsel rendered ineffective assistance, Appellant argues that counsel improperly failed to object when the trial court denied Appellant's request to withdraw his jury-trial waiver. Yet, the record clearly reflects that counsel presented the trial court with Appellant's request to withdraw his jury-trial waiver, that counsel and the court questioned Appellant regarding the request, that counsel presented argument in support of the request, and that the court nonetheless denied the request. N.T., 11/1/2011 - 11/3/2011, at 7-18. Appellant fails to cite to any legal precedent that required counsel to lodge an objection after the court denied Appellant's request.

Moreover, assuming *arguendo* that counsel should have objected after the court denied his request, Appellant offers no argument regarding the prejudice caused by counsel's inaction. Indeed, we are not persuaded that any prejudice could have ensued. The court clearly denied the request. Had counsel presented the court with a superfluous objection, it would not have changed the outcome of the court's decision to deny the request or the outcome of the trial. ***See*** PCRA Court Opinion, 1/21/2015, at 6 ("First, a formal objection to this court's ruling would not have altered the course of the proceedings because it would not have changed this court's mind about

- 5 -

allowing [Appellant] to withdraw his waiver."). Appellant's first claim warrants no relief.

We now will consider Appellant's contention that appellate counsel rendered ineffective assistance by failing to raise on appeal that the trial court erred by denying his request to withdraw his jury-trial waiver. Appellant had a constitutional right to a jury trial but was permitted to waive that right. **Commonwealth v. Dowling**, 959 A.2d 910, 913 (Pa. 2008). Indeed, Appellant did waive his right to a jury trial after five jurors were selected. He has no complaints regarding the court accepting that waiver or counsel's stewardship concerning the waiver.

Pursuant to Pennsylvania Rule of Criminal Procedure 621(B), "[a]t any time before the commencement of trial, a waiver of a jury trial or the judge's approval thereof may be withdrawn." Pa.R.Crim.P. 621(B). This rule confers on criminal defendants an absolute right to withdraw a jury-trial waiver at any time prior to the commencement of trial. **Dowling**, 959 A.2d at 913 n.6. However, while Rule 621(B) affords criminal defendants the absolute right to withdraw their jury-trial waiver before trial commences, our Supreme Court has striven to "ensure that the exercise of such right is not used to frustrate the administration of justice by delaying the proceedings for tactical gain." **Id.** at 915.

As to when a trial commences, our Supreme Court has held "that trial commences for purposes of Pa.R.Crim.P. 621(B)[] when a court has begun

to hear motions which have been reserved for the time of trial; when oral arguments have commenced; or when some other such substantive first step in the trial has begun." *Id.* at 915; *see also id.* at 913 ("A trial commences when the trial judge determines that the parties are present and directs them to proceed to *voir dire* or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony, or to some other such first step in the trial.") (quoting Comment to Pa.R.Crim.P. 600). If trial has commenced when a defendant requests to withdraw a jury-trial waiver, the request should be denied as untimely raised. *See id.* ("Applying this holding to the facts presented, we conclude that the trial court was correct in denying [Dowling's] untimely request to withdraw his jury trial waiver when such request was made after defense counsel and the Commonwealth waived opening arguments[.]").

When Appellant asked the trial court to allow him to withdraw his jury-trial waiver, the parties had selected five jurors, Appellant had waived his right to a jury trial, and the court had entertained and granted the Commonwealth's motion for a material-witness warrant. Consequently, trial clearly had commenced, and Appellant's request to withdraw his waiver was presented untimely. For this reason, had appellate counsel argued on appeal that the trial court erred by denying his request to withdraw his

waiver, such an issue would have been fruitless. This claim lacks arguable merit and therefore warrants no relief.

In anticipation that this Court may conclude that Appellant untimely requested to withdraw his waiver, Appellant lastly offers the following, undeveloped argument:

> However, *arguendo*, if this Honorable Court were to determine that [Appellant's] trial had begun when the "housekeeping" matters were raised and addressed, and that consequently [Appellant] had lost his opportunity to assert his right to a jury trial, … trial counsel [], who knew before the "housekeeping" matters were addressed that [Appellant] wanted to proceed with a jury, was ineffective for failing to assert [Appellant's] right to a jury trial before the "housekeeping" matters were addressed.[1]

Appellant's Brief at 17-18. We disagree.

Even if trial counsel would have sought to withdraw Appellant's jury-trial waiver before the Commonwealth presented its motion for a material-witness warrant, the request would have been untimely presented. At that point, the parties had selected jurors. Thus, trial had commenced. Appellant's final argument lacks arguable merit.

Appellant has not presented this Court with an issue worthy of relief. Accordingly, we affirm the order which dismissed his PCRA petition.

Order affirmed.

---

[1] The housekeeping matters to which Appellant refers are the Commonwealth's motion for a material-witness warrant and the trial court's ruling thereon. Appellant's Brief at 17.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>6/11/2015</u>