J-S08018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MILTON DAVID RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 839 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 27, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002047-2018

BEFORE: BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.: **FILED: MAY 25, 2022**

Appellant Milton David Rodriguez appeals from the judgment of sentence imposed after a jury convicted him of two counts of possession with intent to deliver (PWID). Appellant contends that the trial court erred when it dismissed as untimely Appellant's supplemental motion to suppress evidence, which was filed pursuant to the holding in ***Commonwealth v. Alexander***, 243 A.3d 177 (Pa. 2020). After review, we vacate Appellant's judgment of sentence, reverse the order denying the supplemental motion to suppress as untimely, and remand for further proceedings consistent with this memorandum.

The trial court summarized the relevant facts and procedural history of this matter as follows:

On or about April 1, 2018, [Appellant] was charged with: (1) [PWID]; (2) disregard traffic lane [(driving within single lane)]; and (3) careless driving.[FN1] A preliminary hearing was held on

April 12, 2018, before Magisterial District Judge William C. Wenner, and the charges were bound over to the Court of Common Pleas. On November 16, 2018, [Appellant] filed an omnibus pretrial motion to suppress challenging the legality of the traffic stop, the continued detention of [Appellant], the search of his vehicle, and statements made by [Appellant]. The suppression hearing was initially scheduled for December 6, 2018, but was continued twice and ultimately held before this court on March 19, 2019.[FN2] At the conclusion of the hearing, both parties were afforded thirty (30) days to submit a brief and/or memorandum of law in support of their position. After reviewing both briefs, this [c]ourt denied [Appellant's] omnibus pretrial motion on May 2, 2019.

[FN1] 35 P.S. § 780-113(a)(30), and 75 Pa.C.S. §§ 3309(1) and 3714(a), respectively.

[FN2] [Appellant] was represented by Jonathan White, Esquire at the March 19, 2019, suppression hearing.

On May 16, 2019, Attorney White filed a motion to withdraw as [Appellant's] counsel citing irreconcilable differences. This [c]ourt directed the Commonwealth and [Appellant] to file a response to the motion. No responses were filed; therefore, Attorney White's motion to withdraw was granted on June 12, 2019.[FN3] In the interim, [Appellant] filed a *pro se* notice of appeal of the order denying his motion to suppress on June 10, 2019.[FN4] The appeal was ultimately dismissed on January 29, 2020, due to [Appellant's] failure to file a brief.

[FN3] While this case was pending, [Appellant] incurred new charges at Docket Number CP-22-CR-0001402-2019. Attorney Joanne O'Brien of the Dauphin County Public Defender's Office ("PD") entered her appearance on August 6, 2019, and we can presume the PD's Office represented [Appellant] on both dockets. When Attorney O'Brien left the office, Attorney Elizabeth Close entered her appearance on January 10, 2020. When Attorney Close left the office, Attorney Elizabeth Ruby entered her appearance on September 21, 2020.

[FN4] *See* 945 MDA 2019.

[Appellant's] case was first listed for a jury trial in September 2019. However, the case was ultimately continued to October 2019, as the appeal was pending.[FN5] [Appellant] was next

- 2 -

scheduled for the February 10, 2020, trial term. However, [Appellant] was incarcerated at SCI-Mahanoy and was not brought in on time; therefore, the case was continued to August 17, 2020.[FN6] [Appellant] continued the case from August 17, 2020, to September 14, 2020, then to October 19, 2020, and yet again to December 7, 2020. Due to the ongoing COVID-19 pandemic, all Dauphin County jury trials were suspended from December 7, 2020, until March 10, 2021.

[FN5] The docket indicates that this matter was not scheduled for any court proceedings between the October 21, 2019, trial term and the February 10, 2020 trial term.

[FN6] [Appellant's] case was initially moved to May 11, 2020, trial term. However, due to the COVID-19 pandemic, all Dauphin County jury trials were suspended from April until August 2020.

On December 22, 2020, the Supreme Court of Pennsylvania in *Commonwealth v. Alexander*, 243 A.3d 177 [(Pa. 2020)], held that warrantless vehicle searches require both probable cause and exigent circumstances under the Pennsylvania Constitution, overruling *Commonwealth v. Gary*, 91 A.3d 102 [(Pa. 2014)]. As a new rule of law, it applies retroactively to cases pending on direct appeal so long as the issue was preserved at all stages of adjudication. *Commonwealth v. Grooms*, 247 A.3d 31, 37 [n.8] (Pa. Super. 2021).

This matter was next scheduled for the March 8, 2021 trial term. Due to the ongoing COVID-19 pandemic, Dauphin County adapted its jury selection protocols – jury selection occurs twice each day (once in the morning and once in the afternoon) during the two (2) weeks prior to the scheduled trial term. As a result, *voir dire* was conducted in this case on February 25, 2021, but the jury was not sworn, and the trial did not commence, until March 10, 2021.

On February 23, 2021, two days before the scheduled *voir dire*, the Commonwealth filed a motion to amend the criminal information to include two (2) counts of PWID, and withdraw the summary offenses, which was subsequently granted by this [c]ourt. On March 5, 2021, approximately a week after the jury was selected, [Appellant] filed a supplemental pretrial motion to suppress asserting that law enforcement lacked both probable cause and exigent circumstances to conduct a warrantless search of his vehicle pursuant to *Alexander*.

- 3 -

The day before the trial was scheduled to begin, on March 9, 2021, the parties argued the applicability of *Alexander* and the time in which it was raised. After hearing argument, this [c]ourt denied [Appellant's] supplemental motion as untimely, as well as a matter of judicial economy.[1] The jury trial commenced the following day, and [Appellant] was ultimately found guilty on both counts of PWID. Sentencing was deferred to complete an evidence-based pre-sentence investigation (PSI). On May 27, 2021, [Appellant] was sentenced to an aggregate term of two and a half (2½) to five (5) years of incarceration at a state correctional [institution].

Trial Ct. Op., 8/12/21, at 1-4 (some formatting altered).

Appellant filed a timely notice of appeal on June 25, 2021. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant contends that the trial court abused its discretion or committed an error of law by denying Appellant's supplemental pretrial motion to suppress pursuant to *Alexander*, which announced a new rule of law and substantively changed the constitutional protections against unreasonable search and seizures pursuant to Article 1, Section 8 of the Pennsylvania Constitution. Appellant's Brief at 5.

The Commonwealth responds that the trial court correctly denied the motion. Specifically, the Commonwealth argues that Appellant was not entitled to the retroactive application of *Alexander* because he failed to properly preserve the issue. Commonwealth's Brief at 8.

_____

[1] The trial court's order denying Appellant's supplemental motion to suppress is included in the notes of testimony, and in its Rule 1925(a) opinion, the trial court states that the motion was dismissed based on timeliness and not on the merits. N.T., 3/9-11/21, at 7; Trial Ct. Op., 8/12/21, at 5.

- 4 -

We examine Appellant's issue bearing in mind the following principles. We review a trial court's order declining to hear an untimely suppression motion for abuse of discretion. **Commonwealth v. Long**, 753 A.2d 272, 279 (Pa. Super. 2000). Our Rules of Criminal Procedure require a defendant to file a motion to suppress evidence within his omnibus pretrial motion. Pa.R.Crim.P. 578, 581(B).

> Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P. 579(A). "If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived." Pa.R.Crim.P. 581(B). A supplemental motion to suppress evidence is not permitted "[u]nless the opportunity did not previously exist, or the interests of justice otherwise require[.]" **Id.**; **see also Commonwealth v. Micklos**, 672 A.2d 796, 802 (Pa. Super. 1996) (*en banc*) (stating that "[t]he 'interests of justice' exception provides a trial judge with discretion to excuse a party's tardy presentation of a suppression motion" (citation omitted)).

Here, the record reflects that Appellant filed a supplemental motion to suppress on March 5, 2021, which was clearly more than thirty days after his formal arraignment on July 6, 2018. Therefore, because Appellant's motion was facially untimely, we must determine if the opportunity to file a

supplemental motion to suppress did not previously exist, or if the interests of justice otherwise require. *See* Pa.R.Crim.P. 579(A), 581(B); *see also Micklos*, 672 A.2d 802. In making this determination, we note that it is undisputed that *Alexander* announced a new rule of law during the pendency of Appellant's case. However, in order for a new rule of law to apply retroactively to pending case, the issue must be preserved at all stages, including the direct appeal. *Commonwealth v. Grooms*, 247 A.3d 31, 37 n.8 (Pa. Super. 2021). If the issue is not preserved, it is waived. *Id.*

In *Grooms*, the appellant challenged the trial court's denial of his motion to suppress evidence obtained from a warrantless vehicle search and argued the retroactive application of *Alexander*. *Id.* at 36. On review, this Court acknowledged the new rule announced in *Alexander*, but we concluded that the appellant did not properly preserve the issue of exigency in the trial court, as the appellant "simply dispute[d] the existence of probable cause itself." *Id.* at 37. The *Grooms* Court was cognizant that "[b]ecause [the a]ppellant did not contest the application of the automobile exception announced in *Gary*, which now has been overruled by *Alexander*, he logically had no occasion to address whether exigent circumstances existed to justify the officers' judgment that obtaining a warrant was not reasonably practicable." *Id.* at 37 n.9. Nonetheless, the *Grooms* Court concluded that, because the appellant did not challenge the exigency requirement in the trial court, the issue had not been preserved for review, and the appellant was not entitled to the retroactive application of *Alexander*. *Id.*

Here, although Appellant did not argue exigency in his initial omnibus motion filed on November 16, 2018, we conclude that the issue was, in fact, raised in the trial court. We reiterate that on February 23, 2021, two days prior to the scheduled *voir dire*, the Commonwealth amended the criminal information to include two counts of PWID. After the information was amended, Appellant filed his supplemental motion to suppress specifically asserting a lack of both probable cause and exigent circumstances to conduct a warrantless search of his vehicle pursuant to our Supreme Court's holding in **Alexander**.

The timing of Appellant's supplemental motion distinguishes this matter from **Grooms**. In that case, the appellant raised **Alexander** on appeal, but did not raise that issue before the trial court. In the instant case, Appellant did not address the exigency component from **Alexander** in his initial omnibus motion in 2018 because **Alexander** was not decided until 2020. Although the supplemental motion to suppress was filed on March 5, 2021, it was filed within thirty days of the Commonwealth's filing of its motion on February 23, 2021, to include two counts of PWID and withdrawing the summary offenses. The trial court granted the Commonwealth's motion and heard the supplemental suppression motion on March 9, 2021, one day before the empanelment of the jury and the beginning of trial testimony. Trial Ct. Op., 8/12/21, at 4. Appellant unquestionably raised the application of **Alexander**

in the trial court while the trial court maintained jurisdiction and before the

trial began.[2]

_____

[2] The Commonwealth also asserts that pursuant to Pa.R.Crim.P. 600, Appellant's trial "began at the commencement of *voir dire* on February 25," 2021, and Appellant filed his supplemental motion subsequent to that date. Commonwealth's Brief at 10. The Commonwealth contends that "[t]o hear a suppression motion after a trial has commenced would undermine Pennsylvania's procedural rules." ***Id.*** at 11. Nevertheless, the Commonwealth does not support this contention or explain why it reached this conclusion. We note that the "start" of a trial is not defined by a brightline rule. Indeed, the Comment to Rule 600 states that

> [a] trial commences when the trial judge determines that the parties are present and directs them to proceed to *voir dire* or to opening argument, or to the hearing of any motions that had been reserved for the time of trial, or to the taking of testimony, or to some other such first step in the trial.

Pa.R.Crim.P. 600, cmt (citation omitted). Additionally, we are aware of no authority requiring our Court to conclude that Appellant's supplemental motion was filed "after trial began," or of a procedural rule that prohibited the trial court from considering the motion in the interests of justice. ***See*** Pa.R.Crim.P. 581(B). Further revealing the lack of a brightline rule, we note our Supreme Court's decision in ***Commonwealth v. Dowling***, 959 A.2d 910 (Pa. 2008), addressing Pa.R.Crim.P. 621(B), which provides: "[a]t any time before the commencement of trial, a waiver of a jury trial or the judge's approval thereof may be withdrawn." Pa.R.Crim.P. 621(B). In that case, the Supreme Court held that "trial commences for purposes of Pa.R.Crim.P. 621(B), when a court has begun to hear motions which have been reserved for the time of trial; when oral arguments have commenced; or when some other such substantive first step in the trial has begun." ***Dowling***, 959 A.2d at 915. The ***Dowling*** Court noted that "this interpretation is based upon the principle that the commencement of trial should be marked by a substantive, rather than *pro forma*, event." ***Id.*** (citation omitted and formatting altered). However, Rule 600 also provides: "[f]or the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial[.]" Pa.R.Crim.P. 600(A). In the instant case, although *voir dire* had occurred, the early jury selection was occasioned by the pandemic which caused adapted jury-selection protocols where jury selection occurred twice each day during
*(Footnote Continued Next Page)*

Under the circumstances presented here, there was a confluence of unavoidable delays to the trial of this matter due to the judicial emergency imposed due to the COVID-19 pandemic which necessitated the suspension of jury trials in Dauphin County from December 7, 2020, to March 10, 2021, as well as other situations described by the trial court which resulted in continuances including challenges with prison transportation. *Id*. On this record, we conclude that although Appellant's supplemental motion to suppress was facially untimely, it was presented pursuant to ***Alexander*** which prescribed new precedent. Further, the motion was presented prior to the empanelment of the jury and the commencement of trial testimony, and within thirty days of the Commonwealth's filing of new PWID charges which the trial court granted two days before *voir dire* and jury selection. ***Id.*** Clearly, Appellant's motion was made while the trial court had jurisdiction to address the merits of the motion. Therefore, based on the unique circumstances presented by this case, we conclude that the trial court abused its discretion by denying Appellant's supplemental motion as untimely.

For these reasons, we vacate Appellant's judgment of sentence and the order denying Appellant's supplemental motion to suppress, and we remand

the two-weeks prior to the scheduled trial term. ***See*** Trial Ct. Op., 8/12/21, at 4. Further, the trial court specified that although *voir dire* was conducted on February 25, 2021, "the jury was not sworn, and the trial did not commence, until March 10, 2021." ***Id.*** In any event, as noted previously, trial courts have discretion to hear an untimely motion to suppress. ***See Long***, 753 A.2d at 279.

for consideration of Appellant's supplemental motion.  After consideration, if the trial court denies the motion to suppress, it should reinstate Appellant's judgment of sentence.  However, if the trial court determines that **_Alexander_** applies and requires suppression of evidence, the trial court shall order a new trial.  **_See Commonwealth v. Breslin_**, 732 A.2d 629, 633 (Pa. Super. 1999).

Judgement of sentence and order denying supplemental motion to suppress vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/25/2022