J-S40037-22

2023 PA SUPER 68

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KATHLEEN SHANHOLTZ | : | |
| | : | |
| Appellant | : | No. 1791 EDA 2022 |

Appeal from the Order Entered June 10, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005179-2021

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

OPINION BY KING, J.:                                    **FILED APRIL 17, 2023**

Appellant, Kathleen Shanholtz, appeals from the order entered in the Bucks County Court of Common Pleas, which denied her motion to waive outstanding court costs.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On October 4, 2021, Appellant assaulted her boyfriend during a domestic dispute.  The Commonwealth filed a criminal information charging Appellant with simple assault and the summary offense of harassment.[2]  On February

_____

[1] In her brief, Appellant argues that the order denying her motion to waive outstanding court costs "constitutes an appealable final order of court pursuant to [the] Pennsylvania Rules of Appellate Procedure, Rule 341." (Appellant's Brief at 10).  Under the circumstances of this case, where the order at issue disposes of Appellant's challenge to the propriety of the costs imposed with her judgment of sentence, we agree that the order is appealable. **See** Pa.R.A.P. 341(b)(1) (defining final order as order that disposes of all claims and parties).

[2] 18 Pa.C.S.A. §§ 2701(a)(1) and 2709(a)(1), respectively.

1, 2022, counsel from the public defender's office entered her appearance on Appellant's behalf. Following trial, a jury found Appellant not guilty of simple assault. Nevertheless, the court found Appellant guilty of harassment. On March 4, 2022, the court sentenced Appellant to pay the costs of prosecution with no further penalty. Appellant did not file post-sentence motions or a notice of appeal.

On April 29, 2022, Appellant filed a motion to waive outstanding court costs. In it, Appellant indicated that the court ordered her to pay $237.75 in costs. Appellant complained that she "is financially unable to pay the costs because her sole source of income is Social Security Disability and child support payments." (Motion, filed 4/29/22, at ¶3). Citing Pa.R.Crim.P. 706, Appellant insisted that the court possessed the discretion to waive the costs. (*See id.* at ¶6).

The court conducted a hearing on the motion on June 10, 2022. At that time, Appellant submitted evidence regarding her income. Appellant provided the court with a Social Security benefit verification letter indicating that Appellant received $967.00 per month. (*See* Appellant's Exhibit D1, entered 6/10/22, at 1). Appellant also claimed that she received food stamps and medical assistance, she had $80.00 in her bank account, her car was worth $4,000.00, and she received an additional $196.00 per month in child support. (*See* N.T. Hearing, 6/10/22, at 3-4). At the end of the hearing, the court deemed the costs at issue to be "reasonable," and it denied Appellant's

motion. (***Id.*** at 5). The court, however, extended the period for Appellant to pay the costs, giving her "up to 12 months" to complete payment. (***Id.***)

Appellant timely filed a notice of appeal on July 6, 2022. In conjunction with the notice of appeal, Appellant also filed verification of her continuing *in forma pauperis* status. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On July 27, 2022, Appellant timely filed her Rule 1925(b) statement.

Appellant now raises one issue on appeal:

> Did the trial court err in denying Appellant's motion to waive outstanding court costs where Appellant is indigent and has no present or future ability to pay?

(Appellant's Brief at 7).

Appellant maintains that she cannot pay her outstanding court costs. Appellant reiterates that she is indigent, and she is not employable due to a disability. Appellant acknowledges that she receives some income through Social Security, but these funds are exhausted after she pays for her rent and other daily living expenses. Under these circumstances, Appellant insists that Rule 706 provided the court with the discretion to waive the outstanding costs. Appellant concludes that the court erred in denying her motion to waive outstanding costs. We disagree.

The resolution of Appellant's issue requires an examination of the type of relief available pursuant to Rule 706. "The interpretation of the Rules of Criminal Procedure presents a question of law and … our standard of review

is *de novo* and our scope of review is plenary." ***Commonwealth v. Dowling***,

598 Pa. 611, 616, 959 A.2d 910, 913 (2008).

Rule 706 governs the payment of fines or costs as follows:

**Rule 706. Fines or Costs**

(A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

(B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.

"Rule 706 requires the court to determine the defendant's ability to pay prior to committing [her] to prison for a default but no sooner." ***Commonwealth v. Lopez***, \_\_\_ Pa. \_\_\_, \_\_\_, 280 A.3d 887, 901 (2022). In ***Lopez***, our Supreme Court analyzed Rule 706 and various cases dealing with the interplay between a defendant's indigent status and the payment of fines and costs. ***Lopez*** expressly held that "Rule 706(C) does not require a trial court to consider a defendant's ability to pay prior to imposing mandatory court costs at sentencing." ***Id.*** at \_\_\_, 280 A.3d at 910-11. In reaching this conclusion, the Court evaluated its prior decision in ***Commonwealth v. Ford***, 655 Pa. 255, 266, 217 A.3d 824, 831 (2019), which held that the defendant "received an illegal sentence when the trial court imposed non-mandatory fines without any evidence that [the defendant] was (or would be) able to pay them." Regarding ***Ford***, the ***Lopez*** Court observed: "[I]n specifying that only the 'non-mandatory fines' were illegal, ***Ford*** indicated **the sentencing court lacked discretion to modify or waive mandatory fines or costs**." ***Id.*** \_\_\_, 280 A.3d at 901 (emphasis added).[3]

Instantly, Appellant's motion to waive outstanding court costs stated

---

[3] In its brief, the Commonwealth states that "the costs imposed upon Appellant were mandatory." (Commonwealth's Brief at 8) (citing 42 Pa.C.S.A. §§ 9721(c.1), 9728(b.2)). Appellant's brief does not address the mandatory nature of the costs. The certified record, however, includes a copy of the itemized account of costs. (***See*** Appellant's Exhibit D1, entered 6/16/22, at 2). The itemized account confirms that the costs at issue were mandatory court costs. ***See Lopez, supra*** at \_\_\_, 280 A.3d at 901 (distinguishing between "non-mandatory fines" and "mandatory fines or costs").

- 5 -

that she could not pay the court-ordered costs due to her limited income. Based upon the averments in Appellant's motion, the court conducted a hearing on the matter. At that time, Appellant presented evidence regarding her income and expenses. The court considered the evidence, determined that the costs at issue were "very low and reasonable," and ordered Appellant to pay the costs over the course of twelve months. (*See* N.T. Hearing at 5).

Contrary to Appellant's assertions, the court complied with Rule 706. Specifically, the court provided Appellant with relief by allowing payment of the costs "in such installments and over such period of time" as the court deemed to be just. *See* Pa.R.Crim.P. 706(B). Significantly, Rule 706 does **not** provide the court with authority to waive the costs completely. *See id. See also Lopez, supra*. Rather, if Appellant remains unable to pay under the new installment plan, she may request a rehearing where the court has the option to extend the payment schedule. *See* Pa.R.Crim.P. 706(D). Because our review leads us to conclude that the court adhered to the mandates of Rule 706, we affirm the order denying Appellant's motion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2023