J-S24036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KILLIAN KETTERING | : | |
| | : | |
| Appellant | : | No. 140 WDA 2025 |

Appeal from the Order Entered January 22, 2025
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000522-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KILLIAN KETTERING | : | |
| | : | |
| Appellant | : | No. 141 WDA 2025 |

Appeal from the Order Entered January 22, 2025
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000524-2018

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: September 10, 2025**

Killian Kettering ("Kettering") appeals *pro se* from the order denying his request to exonerate the remaining balance due on the mandatory fines and costs imposed following the entry of his guilty pleas to driving under the

influence ("DUI") at docket 522-2018, and possession of drug paraphernalia at docket 524-2018.[1] We affirm.

The factual and procedural history underlying this matter is as follows. In March 2019, Kettering entered guilty pleas to the above charges pursuant to a negotiated plea agreement. On May 8, 2019, the trial court sentenced Kettering in accordance with the terms of the plea agreement, imposing an aggregate sentence of twelve months of probation. Additionally, the trial court ordered Kettering to pay mandatory fines and costs. As Kettering failed to pay the entire balance of his fines and costs prior to the conclusion of his probationary sentence, the trial court conducted a fines and costs hearing on May 28, 2020, at which it ordered Kettering to pay $50 per month pursuant to a payment installment plan, commencing in June 2020, until the remaining balance was paid in full.

In April 2024, the trial court sent Kettering a notice that his required $50 monthly payments for the past three months were unpaid and past due, requiring a payment of $150 towards his remaining balance of $519. In May 2024, Kettering sent a letter to the trial court requesting that the remaining balance of his fines and costs be waived because he is a student and unable

---

[1] *See* 75 Pa.C.S.A. § 3802(a)(1); 35 Pa.C.S.A. § 780-113(a)(32).

to work.[2]  The trial court denied the request to waive the balance due on the fines and costs, but suspended the payment plan until September 2024, to permit Kettering to find employment pending his imminent graduation from college.  The trial court also ordered that, upon the resumption of the payment plan in September 2024, Kettering's monthly payment would be reduced from $50 to $25.

Kettering made no payments in September 2024 or in the months thereafter.  Accordingly, on January 7, 2025, the trial court sent a notice to Kettering that he had failed to resume his payment plan in September 2024, had not paid any of his $25 monthly payments since then, and that he owed a payment of $100 toward his remaining balance of $519.  On January 13, 2025, Kettering sent an email to the trial court, once again requesting that the balance of his remaining fines and costs be waived because he was a student obtaining a second degree and has medical challenges.[3]  On January 22, 2025, the trial court entered an order denying Kettering's request. Kettering filed a timely *pro se* notice of appeal at each docket, and both he and the trial court complied with Pa.R.A.P. 1925.

---

[2] In his letter, Kettering did not request a rehearing to permit him an opportunity to present the trial court with evidence of his inability to comply with his payment plan.

[3] In his email, Kettering did not request a rehearing to permit him an opportunity to present the trial court with evidence of his inability to comply with his payment plan.

Kettering raises the following issues for our review:

1. Whether the trial court committed an error of law and abused its discretion by relying on **Commonwealth v. Shanholtz**, 295 A.3d 261 (Pa. Super. Ct. 2023), to deny partial forgiveness of fines, despite the case addressing a full waiver under materially different circumstances?

2. Whether the trial court erred in denying [Kettering's] motion despite irrefutable evidence of financial incapacity, in direct contravention of **Bearden v. Georgia**, 461 U.S. 660 (1983), and **Tate v. Short**, 401 U.S. 395 (1971)?

3. Whether the trial court misinterpreted the limits of its discretion under Pa.R.Crim.P. 706(C) and failed to hold a required rehearing under Pa.R.Crim.P. 706(D) upon learning of [Kettering's] ongoing indigency?

4. Whether the trial court's ruling imposes an unconstitutional penalty for poverty, in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution?

Kettering's Brief at 6-7.

As Kettering's issues are interrelated, we will address them together. Kettering claims that the trial court violated Pennsylvania Rule of Criminal Procedure 706 by failing to conduct a rehearing to determine his eligibility to pay the remaining balance due on his mandatory fines and costs, and its denial of his request to waive the remaining balance due on such fines and costs. The proper interpretation of a rule of criminal procedure is a question of law, for which our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Lopez**, 280 A.3d 887, 894 (Pa. 2022).

Rule 706 governs the payment of fines and costs,[4] and provides as follows:

**Rule 706. Fines or Costs**

(A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

(B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.

---

[4] We note that Kettering has not raised any challenge the nature or amount of the fines and costs imposed by the trial court, nor has he raised any challenge to the trial court's authority to impose such fines and costs.

Notably, Rule 706 only requires the trial court to determine the defendant's ability to pay prior to committing the defendant **to prison** for a default on the payment of fines and costs, and not at any point prior to the consideration of imprisonment. **See Lopez**, 280 A.3d at 893, 899 (reiterating that, while a trial court has the discretion to hold an ability-to-pay hearing at sentencing, Rule 706(C) does not require the court to hold such a hearing "unless and until a defendant is in peril of going to prison for failing to pay the costs imposed on him"); **see also id**. at 908 (explaining that Rule 706 enacted the holding that, to protect against the unconstitutional imprisonment of indigent defendants for failure to pay fines or costs, a court is required to inquire into the defendant's ability to pay prior to incarceration for a default, and to permit installment payments upon the demonstration of poverty).

The **Lopez** Court also reiterated that the sentencing court lacks discretion to modify or waive mandatory fines or costs. **See id**. at 901; **see also Commonwealth v. Shanholz**, 295 A.3d 261, 264 (Pa. Super. 2023) (holding that "Rule 706 does **not** provide the court with authority to waive the costs completely" (emphasis in original)). Rather, if the defendant remains unable to pay under an installment plan, he may request a rehearing after which the sentencing court has the option to **extend** the payment schedule. **See** Pa.R.Crim.P. 706(D) (providing that, if the defendant proves at a rehearing that he is without the means to meet the payment schedule, the court may extend the payment schedule); **see also Shanholz**, 295 A.3d at

264 (holding that "if, [a]ppellant remains unable to pay under the new installment plan, she may request a rehearing where the court has the option to extend the payment schedule").

Kettering contends that he provided the trial court with unrefuted evidence of a disability and financial hardship.[5] Kettering claims that the trial court erred by denying his request to waive the remaining balance of his fines and costs without conducting a rehearing and without undertaking an analysis of his ability to pay the remaining amounts due.[6]

Kettering further contends that the trial court erred by relying on *Shanholz* in reaching its decision to deny his request. According to Kettering, *Shanholz* is distinguishable on the basis that the appellant in that case requested *total* forgiveness of costs related to a summary offense, whereas in the instant matter, Kettering only sought *partial* forgiveness of the fines

_____

[5] Kettering claims that he suffers from cyclic vomiting syndrome, and that this "chronic illness prevents employment, forcing him to rely solely on food assistance and student loans for survival [such that] his financial condition is one of absolute destitution, compounded by the looming threat of utility shutoffs and a persistent inability to meet basic needs." Kettering's Brief at 7.

[6] In advancing this argument, Kettering relies on *Bearden v. Georgia*, 461 U.S. 660 (1983), and *Tate v. Short*, 401 U.S. 395 (1971), for the proposition that "courts may not impose punitive consequences for failure to pay without first determining whether non-payment is willful." Kettering's Brief at 10. However, the punitive consequences contemplated in those cases was imprisonment. Here, the trial court did not impose, nor even threaten to impose, any period of confinement as a consequence of Kettering's non-payment of the balance due on his payment plan. Thus, his reliance on these cases is unavailing.

and costs imposed (*i.e.*, the remaining balance due on his fines and costs). Kettering argues that, while the **Shanholz** Court ruled that the trial court lacked statutory authority to **fully** extinguish the obligation, it did not make any ruling regarding the trial court's ability to **partially** extinguish such an obligation.

Finally, Kettering argues that the trial court was obligated to exercise its discretion on a case-by-case basis based on the totality of the circumstances presented in the record before it. In this regard, Kettering emphasizes that he submitted uncontested documentation of a disabling medical condition and absolute financial incapacity. Kettering maintains that the trial court committed reversible error by failing to engage in an individualized review of his circumstances.[7]

The trial court considered Kettering's issues and determined that they

---

[7] In his statement of questions involved, Kettering identified as his fourth issue a claim that the trial court's ruling imposes an unconstitutional penalty for poverty in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. **See** Kettering's Brief at 6-7. However, Kettering's brief only provides a discussion section for his first three issues, and provides no discussion section for his final issue. **See id**. at 8-12; **see also** Pa.R.A.P. 2119(a) (requiring an appellant's brief to present a separate argument for each issue on appeal which includes a discussion of, and citation to, pertinent legal authority). As Kettering has not developed his fourth issue by providing a discussion of the issue supported by pertinent legal authority, we deem it waived. **See** Pa.R.A.P. 2119(a); **see also B.S.G. v. D.M.C.**, 255 A.3d 528, 535 (Pa. Super. 2021) (holding that "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

lacked merit. The court reasoned:

> The court properly extended and reduced [Kettering's] payment plan following his first request to waive the fines and costs. The court took into account [his] status as a full-time student and his medical challenges. Currently, [Kettering] is required to pay $25 per month. The court did not err in denying [his] second request to waive his fines and costs because Rule 706 does not grant the court authority to do so. Therefore, the court did not err in denying [Kettering's] request to waive his fines and costs and, instead, has continued to permit [him] to make minimum monthly installment payments.

Trial Court Opinion, 4/3/25, at unnumbered 3-4.

Based on our review, we discern no error of law or abuse of discretion by the trial court in denying Kettering's request to waive the balance of his fines and costs. As explained above, in cases such as this where the trial court has ordered payment of mandatory fines and costs in installments, Rule 706(D) permits the defendant to request a rehearing on the payment schedule when the defendant is in default of a payment. *See* Pa.R.Crim.P. 706(D). Here, Kettering did not request a rehearing.[8] Nevertheless, based on his initial request in May 2024 to waive the balance of his fines and costs, the trial court suspended the payment plan until September 2024 to permit Kettering several months to find employment following his imminent graduation from college, and reduced Kettering's monthly payment from $50 to $25. Therefore,

---

[8] Although Kettering contends in his brief that he requested a rehearing and a remote appearance due to his medical limitations and transportation barriers, he has not directed this Court to the place in the record where any such request was made. *See* Pa.R.A.P. 2119(c). Moreover, our review of the certified record reveals no such request.

pursuant to Rule 706(D), the trial court considered Kettering's particular circumstances and exercised is discretion to extend the payment schedule as the court found to be just and practicable under the circumstances of record. *See id*. Importantly, the plain and unambiguous language of Rule 706 does not permit the trial court to waive fines or costs, or to exonerate a defendant from his obligation to pay all or part of any such fines and costs. *See Lopez*, 280 A.3d at 901; *see also Shanholz*, 295 A.3d at 264. Thus, we find no error by the trial court in denying Kettering's request to waive the balance of his fines and costs.

Moreover, while we are sympathetic to Kettering's position, we emphasize that the trial court did not order, nor even threaten to order that Kettering be imprisoned as a consequence for his failure to comply with his payment plan. Thus, as Kettering was never in peril of imprisonment, the trial court was not obligated to conduct a hearing to determine Kettering's ability to pay the outstanding balance of his fines and costs. *See Lopez*, 280 A.3d at 893, 899.

As none of Kettering's issues merit relief, we affirm the order denying his request to waive the balance of his fines and costs.

Order affirmed.

- 10 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>9/10/2025</u>