J-S15007-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERON CHRISTOPHER WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2753 EDA 2025 |

Appeal from the Order Entered October 10, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002033-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERON C. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 391 EDA 2026 |

Appeal from the Order Entered October 10, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002375-2014

BEFORE:  OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                              **FILED JUNE 15, 2026**

Appellant, Teron C. Williams, appeals *pro se* from the order denying his request to waive certain costs and fines imposed following his admission to the Accelerated Rehabilitative Disposition program for driving under the influence at trial court docket CP-39-CR-0002033-2002, and his entry of a

_____

[*] Former Justice specially assigned to the Superior Court.

guilty plea to driving under suspension, possession of a small amount of marijuana, and possession of drug paraphernalia at trial court docket CP-39-CR-0002375-2014.[1] We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows.

> On October 1, 2025, Appellant filed a "Motion to Waive Fines and Costs." Within that motion, [Appellant] alleged that he [was] indigent and unable to afford to continue paying his remaining costs and fines, which, according to him, total[ed] over $2,500[.00]. He further alleged that he [was] disabled and collects Social Security Income benefits and Medicaid, and that he [had] no future prospects for work. [On October 10, 2025, the trial court entered an order denying Appellant's motion. This timely appeal followed.[2]]

Trial Court Opinion, 11/14/25, at 1-2 (footnote added).

Appellant raises the following issue for our consideration.

> [Whether the trial court committed an abuse of discretion in denying Appellant's motion to waive fines and costs despite evidence of indigency?]

**_See generally_** Appellant's Brief at ¶ 4.

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinion of the able trial court judge, the Honorable Robert L. Steinberg. We conclude that Appellant is not entitled to relief in this case for

---

[1] 75 Pa.C.S.A. §§ 3731(a)(1) and 1543(b)(1); 35 P.S. §§ 780-113(a)(31) and 780-113(a)(32), respectively.

[2] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Nevertheless, appellant attached a concise statement to his notice of appeal.

the reasons expressed in Judge Steinberg's November 14, 2025 opinion. Therefore, we affirm based on Judge Steinberg's opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach copies of Judge Steinberg's November 14, 2025 opinion.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/15/2026

**IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA :
                             :

    vs.               : Lehigh County No. CR-2033-2002, 2375-2014
                       : Superior Court No. 936 EDA 2023
                       :

TERON WILLIAMS         :

## ORDER

**AND NOW**, this 13th day of November, 2025, it appearing that the appellant filed a Notice of Appeal in the above-captioned matter on October 23, 2025; it further appearing that on the same date, the appellant filed a Statement of Matters Complained of on Appeal; it further appearing that our Opinion satisfies the requirements of Pa.R.A.P. 1925(a);

**IT IS HEREBY ORDERED** that the Clerk of Judicial Records shall transmit the record in the above-captioned matter to the Superior Court forthwith;

**IT IS FURTHER ORDERED** that the Clerk of Judicial Records shall include with the transmittal of the record the following documents:

1. A copy of Appellant's "Motion to Waive Fines and Costs" filed on October 1, 2025.
2. A copy of the order denying Appellant's motion filed October 23, 2025.
3. A copy of the Notice of Appeal and Statement of Matters Complained of on Appeal filed October 23, 2025.

BY THE COURT:

Robert L. Steinberg, Judge

# IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
                                    :

        vs.                     : Lehigh County No. CR-2033-2002, 2375-2014

                                    : Superior Court No. 936 EDA 2023

                                    :

TERON WILLIAMS                  :

* * * * *

Appearances:

        Heather Gallagher, Chief of Appeals
                For the Commonwealth

        Teron Williams, pro se
                For the Appellant

* * * * *

**OPINION**

**Robert L. Steinberg, Judge:**

The appellant, Teron Williams, appeals from the order denying his request to waive the remaining costs and fines associated with his two criminal cases. In CR-2033-2002, Appellant was admitted to the ARD program for a DUI charge on June 20, 2002. In CR-2375-2014, Appellant entered a guilty plea to Driving Under Supsension, Possession of a Small Amount of Marijuana, and Possession of Drug Paraphernalia on June 3, 2014, and was sentenced the same day to not less than sixty (60) days nor more than twelve (12) months in Lehigh County Jail. Appellant in each case has a remaining balance of over $1,000.00 in costs and fines.

On October 1, 2025, Appellant filed a "Motion to Waive Fines and Costs." Within that motion, he alleged that he is indigent and unable to afford to continue paying his

remaining costs and fines, which, according to him, total over $2,500.[1] He further alleged that he is disabled and collects Social Security Income benefits and Medicaid, and that he has no future prospect for work. This Court rejected his request as required by law on October 10, 2025.

Appellant filed a Notice of Appeal on October 23, 2025, and attached to that notice his Concise Statement. This Court did not request any further clarification of the errors alleged.[2] Appellant has complained that: "(1) [t]he trial court erred in denying the motion without properly considering [Appellant's] indigence and inability to pay, as required by 42 Pa.C.S. § 9730(b)(3) and Pa.R.Crim.P. 706(c); (2) [t]he trial court failed to make findings regarding [Appellant's] financial status, despite clear evidence of indigence, including representation by the Public Defender and receipt of public assistance; [and] (3) the trial court's decision conflicts with the Pennsylvania Supreme Court's ruling in Commonwealth v. Lopez, 280 A.3d 887 (Pa. 2022), which mandates post-sentencing review of fines and costs based on ability to pay."

## Discussion

Pennsylvania Rule of Criminal Procedure Rule 706 governs the payment of fines and costs, and provides as follows:

Rule 706. Fines or Costs

> (A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

---

[1] Motion to Waive Fines and Costs, ¶ 1.
[2] See Pa.R.A.P. 1925(b) – "If the judge entering the order giving rise to the notice of appeal desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal."

2

(B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.

Rule 706 only requires the trial court to determine the defendant's ability to pay prior to committing the defendant to prison for a default on the payment of fines and costs, and not at any point prior to the consideration of imprisonment. See Commonwealth v. Kettering, 2025 WL 261694, at *3 (Pa.Super. September 10, 2025)(persuasive authority), citing Commonwealth v. Lopez, 280 A.3d, 887, 893, 899 (Pa. 2022)(reiterating that, while a trial court has the discretion to hold an ability-to-pay hearing at sentencing, Rule 706(C) does not require the court to hold such a hearing "unless and until a defendant is in peril of going to prison for failing to pay the costs imposed on him"); see also Lopez, 280 A.3d at 908 (explaining that Rule 706 enacted the holding that, to protect against the unconstitutional imprisonment of indigent

3

defendants for failure to pay fines or costs, a court is required to inquire into the defendant's ability to pay prior to incarceration for a default, and to permit installment payments upon the demonstration of poverty).

The sentencing court also lacks discretion to modify or waive mandatory fines or costs. See Lopez, 280 A.3d at 901; see also Commonwealth v. Shanholz, 295 A.3d 261, 264 (Pa.Super. 2023)(holding that "Rule 706 does **not** provide the court with authority to waive the costs completely" (emphasis in original)); Kettering, 2025 WL 261694, at *4 ("[T]he plain and unambiguous language of Rule 706 does not permit the trial court to waive fines or costs, or to exonerate a defendant from his obligation to pay all or part of any such fines and costs."). Rather, if the defendant remains unable to pay under an installment plan, he may request a rehearing after which the sentencing court has the option to extend the payment schedule. See Pa.R.Crim.P. 706(D) (providing that, if the defendant proves at a rehearing that he is without the means to meet the payment schedule, the court may extend the payment schedule); see also Shanholz, 295 A.3d at 264 (holding that "if, [a]ppellant remains unable to pay under the new installment plan, she may request a rehearing where the court has the option to extend the payment schedule").

Appellant contends that he has provided the trial court with evidence of his financial hardship and inability to pay, and that it was error to deny his motion without first considering the same. However, the appellant has not requested a hearing on his ability to pay pursuant to Rule 706(d). Moreover, this Court has neither ordered nor threatened to order that Appellant be imprisoned as a consequence for failing to comply with payment of costs. Because Appellant has never been in peril of imprisonment, this Court was not obligated to conduct a hearing to determine Appellant's ability to pay the outstanding balance of his fines and costs. See Lopez, 280 A.3d at 893, 899. Additionally, this Court was without the power to completely

4

waive the costs and fines owed by Appellant. <u>Lopez</u>, 280 A.3d at 901; <u>Shanholz</u>, 295 A.3d at 264; <u>Kettering</u>, 2025 WL 261294, at *4.

For all the foregoing reasons, the denial of Appellant's Motion to Waive Fines and Costs should be affirmed.

11/14/2025
Email - DA
R/M - Deft P.O. BOX 6727
Harrisburg, PA 17112